August 24, 1998

NO. 5-97-0160WC

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

INDUSTRIAL COMMISSION DIVISION

_________________________________________________________________

DONNA SWEARINGEN and RONALD SCROGGINS,) Appeal from the 

                                      ) Circuit Court of

     Appellants,                      ) Marion County.

                                      ) 

v.                                    ) Nos. 96-MR-48 & 96-MR-66

                                      )  

THE INDUSTRIAL COMMISSION 
et al.
      ) Honorable 

(T.T.C. OF Illinois, d/b/a            ) David Sauer, 

Henderson Trucking, Appellee).        ) Judge, presiding.  

_________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:  

Claimants, Donna Swearingen and Ronald Scroggins, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 
et seq.
 (West 1992)) for injuries received while in the employ of Henderson Trucking (Henderson).  Both were long-haul truck drivers.  Swearingen was a "second driver" on a two-person crew and was earning 11 cents per mile.  Scroggins was a driver-in-training earning 10 cents per mile.  Both were paid approximately $400 per week.  In addition, drivers who completed one year of employment during which they logged 140,000 miles were eligible for one week's vacation pay of $400.  Swearingen was injured while lifting the bunk in the tractor of her truck in Salinas, California, on November 6, 1992.  Scroggins was injured when he fell from a loading dock while unloading a truck in Torrance, California, on August 6, 1992.  Arbitration hearings were held in each case.  In both cases, the claimant's average weekly wage for temporary total disability (TTD) purposes was determined to be approximately $200.  This determination was based upon the testimony of Terry Burnett, Henderson's safety director.  Burnett testified that Henderson treats 50% of all drivers' gross pay as reimbursement for travel expenses, rather than earned income.  This money was to cover drivers' personal expenses.  Drivers were not required to turn in any expense report or receipts.  The travel expense allowance did not cover the cost of fuel, tolls, or repairs; lead-seat drivers were reimbursed separately for those expenses.  Swearingen testified that she was not reimbursed for lodging or meals or other expenses, except fuel and truck-related expenses.  She did not pay income taxes on the expense-reimbursement portion of her check.  Scroggins paid income taxes on the expense reimbursement, based on the advice of his accountant.  The only other travel expense incurred by either claimant was for meals.  Swearingen was awarded 82 2/7 weeks of TTD benefits, based on an average weekly wage of $412.02.  Scroggins was awarded 45 3/7 weeks of TTD benefits based on an average weekly wage of $196.86.  The arbitrator calculated Scroggins' average weekly wage to be one-half of his gross pay.  The arbitrator determined that one-half of Scroggins' gross pay was not earned income but was reimbursement for travel expenses.  The arbitrator also awarded Scroggins permanent partial disability (PPD) benefits, finding him to be permanently partially disabled, to the extent of 5% of the person as a whole, and to have suffered a 10% loss of the use of his left arm.

The Illinois Industrial Commission (Commission) reversed the arbitrator's decision in Swearingen's case, finding Swearingen's average weekly wage to be $207.01.  The Commission found that half of Swearingen's pay constituted a reimbursement for per diem travel expenses and as such constituted fringe benefits excluded under section 10 of the Act (820 ILCS 305/10 (West 1992)).  In Scroggins' case, the Commission modified the PPD award, finding that Scroggins had lost 15% of the use of his left arm.  The Commission otherwise affirmed and adopted the decision of the arbitrator.  Commissioner Kinnamon dissented, disagreeing with the majority's conclusion that 50% of Scroggins' pay represented per diem travel expenses.  The cases were consolidated for purposes of judicial review, and the circuit court of Marion County confirmed both decisions.

On appeal, claimants argue that the Commission erred in determining that the 50% of their pay designated by Henderson as a reimbursement for travel expenses did not constitute compensable income under the Act.  Specifically, claimants contend that the per diem allowance was not and did not constitute a reimbursement for any actual travel expenses, but Henderson merely designated half of their pay as a reimbursement for travel expenses in order to reduce the amount of State and Federal withholdings and workers' compensation benefits it had to pay.

Section 10 of the Act provides in pertinent part:

"The compensation shall be computed on the basis of the `Average weekly wage' which shall mean the actual earnings of the employee in the employment in which he was working at the time of the injury during the period of 52 weeks ending with the last day of the employee's last full pay period immediately preceding the date of injury, illness[,] or disablement[,] excluding overtime[] and bonus[,] divided by 52."  820 ILCS 305/10 (West 1992).

The average weekly wage includes "anything of value received as consideration for the work, as, for example, tips, bonuses, commissions[,] and room and board."  5 Larson, Larson's Workers' Compensation §60-12(a), at 10-648 through 10-655 (1993).  The question of whether a travel expense reimbursement should be considered when calculating the average weekly wage appears to be one of first impression in Illinois.  It has, however, been addressed in numerous other jurisdictions.

In 
Ernie Baylog, Inc. v. Industrial Claim Appeals Office of State of Colorado
, 923 P.2d 361 (Colo. App. 1996), the claimant, Sally Olney, was an over-the-road truck driver.  She was paid eight cents per mile as wages and an additional four cents per mile to cover all personal expenses incurred while driving, such as meals, showers, and an occasional motel room.  Her employer deducted income taxes and social security taxes from the eight cents per mile designated as wages, but not from the four cents per mile paid to cover personal expenses.  The court in 
Ernie Baylog, Inc.
 held that the four-cent-per-mile payment should not be included in Olney's weekly wage.  The court based this conclusion on statutory provisions which provided that a per diem payment was not considered "wages" for purposes of computing workers' compensation benefits unless it is also considered "wages" for Federal income tax purposes.

In 
McGinnis v. Metro Package Courier, Inc.
, 5 Neb. App. 538, 561 N.W.2d 587 (1997), the claimant, DeLoris McGinnis, was a courier for Metro Package Courier, Inc. (Metro).  She used her own vehicle to make deliveries.  She was given two paychecks, one for salary and one for "mileage reimbursement."  The court in 
McGinnis
 held that McGinnis's paycheck for "mileage reimbursement" should be included in the calculation of her average weekly wage.  The court reasoned that the evidence demonstrated that Metro was not actually reimbursing McGinnis for her car expenses, because her mileage reimbursement check did not necessarily correspond to the miles she reported to Metro.  The court concluded that Metro had labeled a majority of its drivers' pay as "mileage reimbursement", rather than salary, in order to maximize tax benefits for both parties.  

In 
Scyphers v. H & H Lumber
, 237 Mont. 424, 774 P.2d 393 (1989), the claimant was a long-haul truck driver.  He was paid 14 cents per mile plus 3 cents per mile per diem.  Drivers were not reimbursed for meals and lodging and were not required to turn in expense reports.  Taxes were withheld from the 14-cent-per-mile payment, but not from the 3-cent-per-mile per diem, and it was paid by separate check.  Following several other jurisdictions, the court held that 3 cents per mile paid to a truck driver as "per diem" compensation should be included in his wages for the purpose of determining workers' compensation benefits, because such compensation was not an actual reimbursement for out-of-pocket expenses but, rather, constituted real economic gain to the driver.

In 
Ridgway v. Board of Ford County Commissioners
, 12 Kan. App. 2d 441, 748 P.2d 891 (1987), claimant was a process server for the sheriff's department.  He used his own car, for which the county paid him $225 per month pursuant to a leasing agreement.  The court held that an employee's car allowance should be included in the calculation of his average weekly wage because the evidence demonstrated that the allowance represented real economic gain to the employee and was not simply reimbursement for out-of-pocket expenses.  

In 
Logan v. Rocky Mountain Rental
, 3 Neb. App. 173, 524 N.W.2d 816 (1994), claimant was an interstate truck driver.  His pay included a per diem of $44.  The employer did not withhold Federal social security or income taxes from this amount, and the claimant did not report it as income.  There was no evidence that the claimant needed to actually incur $44 per day in road expenses in order to receive the reimbursement.  The court held that because the evidence failed to establish that a $44 per diem "road expenses" payment constituted an actual reimbursement for actual incurred expenses, such amounts therefore represented real economic gain and should be included in the driver's weekly wage.

In 
Antillon v. New Mexico State Highway Department
, 113 N.M. 2, 820 P. 2d 436 (1991), the court declined to include the claimant's per diem reimbursement for travel expenses in his wages for purposes of calculating workers' compensation benefits.  After noting that, by law, a State employee's per diem is a reimbursement for travel expenses incurred in the performance of public business, the court held that a reimbursement for expenses incurred in the performance of the job is not considered a part of the worker's wage unless the reimbursement is in excess of the employee's actual expenses and thus constituted a real economic gain to the employee.  Because the employee failed to provide any evidence to show that the per diem he received was in excess of his actual expenses and therefore constituted real gain to him, such per diem could not be included in his wage for purposes of calculating workers' compensation benefits.  
Antillon
 is clearly distinguishable from the present case because the characterization of the per diem was controlled by statute.

In 
Moorehead v. Industrial Comm'n of Arizona
, 17 Ariz. App. 96, 495 P.2d 866 (1972), the court held that before any part of travel allowances or reimbursements for travel expenses could be considered as a part of an employee's wages, there should be some showing that the payments are more than sufficient to reimburse the employee for the work-related expenses, so that the excess can be considered as extra compensation to the employee.

Henderson cites 
Layne Atlantic Co. v. Allen Eugene Scott
, 415 So. 2d 837 (Fla. App. 1982), for the proposition that out-of-town expenses should not be considered when computing the claimant's average weekly wage.  In 
Layne Atlantic Co.
, the court held that out-of-town motel expenses could not be considered wages because they were solely a creature of the job.  Because Scott, the claimant, no longer worked for Layne Atlantic Co., he was no longer incurring the out-of-town motel expenses.  Because he was no longer incurring these expenses, the court reasoned, he suffered no economic loss as a result of his failure to receive reimbursement.  The court in 
Layne Atlantic Co.
 went on to distinguish its prior decision in 
Viking Sprinkler Co. v. Thomas
, 413 So. 2d 816 (Fla. App. 1982), wherein the court held that a $90 weekly expense allowance was found to be includable in the average weekly wage.  The court noted that in 
Viking Sprinkler Co.
, "the uniformity and regularity of the expense payments[,] coupled with the employee's broad discretionary ability in putting the money to use[,] was sufficient evidence from which the deputy [Commissioner] could conclude that the allowance was not a bona fide make[-]whole reimbursement and that the employee had received independent personal benefit."  
Layne Atlantic Co.
, 415 So. 2d at 839.

Layne Atlantic Co.
 does not support Henderson's position in the present case.  Indeed, the situation in the present case seems far more analogous to that in 
Viking Sprinkler Co.
  Although claimants herein did not receive a set dollar amount for expenses, neither did they receive a dollar-for-dollar reimbursement for actual expenses.

The general rule that most jurisdictions seem to have adopted is that payments designated as a "reimbursement" for travel expenses should be included when calculating an employee's average weekly wage to the extent that such payments represent real economic gain rather than the actual reimbursement for actual travel expenses.  As in many of these cases, the claimants in the present case were not required to keep any kind of expense records or turn in any receipts in order to receive the "reimbursement."  It appears that Henderson simply designates a percentage of its employees' salaries as "reimbursement" in order to take advantage of Internal Revenue Service tax regulations.  Henderson is not required to withhold Federal social security or income taxes from the "reimbursement" portion of claimant's pay, and the claimants are not required to pay income taxes on this money.  Although Henderson maintains that it carefully calculated the per diem reimbursement so as to reflect the amount its employees actually spent on lodging, meals, and incidental expenses, there is no evidence in the record to support this contention.  We also find significant that eligible drivers were entitled to a one-week paid vacation at $400.  If one-half of the amount Henderson paid its drivers was reimbursement for expenses, then vacation pay would have been $200, because the drivers would not have been incurring any expenses while on vacation.  That Henderson paid its drivers $400 per week while on vacation suggests that that portion of drivers' wages which Henderson designated as "reimbursement" was actually in the nature of wages constituting real economic gain to the drivers.

For the foregoing reasons, the judgment of the circuit court of Marion County is reversed, and both cases are remanded to the Commission for a determination of whether, and to what extent, the "reimbursements" constitute real economic gain and for a recalculation of the average weekly wage based upon such determination.

Reversed and remanded with directions.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.