THE KENDALL COUNTY PUBLIC DEFENDER'S OFFICE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Bradley Schwager, Appellee).

Second District   No. 2—98—0486WC

Opinion filed April 19, 1999.

Pamela K. Harman, of Landau, Omahana & Kopka, Ltd., of Chicago, for appellant.

R. Gary Gooding, of R. Gary Gooding, Ltd., of Aurora, for appellee.

JUSTICE COLWELL delivered the opinion of the court:
Respondent, Kendall County Public Defender's office, appeals from

an order of the circuit court of Kendall County confirming in part and reversing in part a decision of the Industrial Commission (Commission) which awarded claimant, Bradley Schwager, permanent partial disability (PPD) benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)). We hold that the order of the circuit court of Kendall County was not a final order and remand the cause to the Commission for want of jurisdiction.

Claimant worked part-time as a public defender and part-time as a self-employed attorney in private practice. On the morning of March 30, 1995, claimant went to the old Kendall County courthouse to argue a motion in a case he was handling for respondent. His client in that case was accused of driving under the influence of alcohol (DUI), and claimant sought to suppress the results of his client's field sobriety test. A field sobriety test entails standing on one leg for 30 seconds and walking heel-to-toe in a straight line. Claimant's argument was unsuccessful.

Claimant thereafter went into an adjacent "anteroom," where three others were present. Claimant and two of those individuals attempted to demonstrate one-legged stands. While attempting a one-legged stand on his left leg, claimant's left knee gave out and he fell to the floor. He suffered injuries from the fall.

Claimant subsequently filed an application for adjustment of claim alleging that his injuries arose out of and in the course of his employment with respondent. In May 1996, an arbitrator agreed with claimant and found that claimant had reached his maximum level of recovery. Claimant's tax form from the year preceding his injury showed that claimant earned $25,454 as a public defender and $45,746 in net profits as a private attorney, and the arbitrator calculated claimant's average weekly wage at $1,369.23. The arbitrator awarded him $396.89 per week in PPD benefits for 90 weeks for a 45% loss of use of his left leg. Respondent appealed, and the Commission, with one commissioner dissenting in part, affirmed and adopted the arbitrator's decision. The commissioner who dissented in part disagreed with the majority's decision to include claimant's private practice income in the calculation of claimant's average weekly wage.

Respondent again appealed. In an order dated March 17, 1998, the circuit court of Kendall County confirmed in part and reversed in part the Commission's decision. The court agreed that claimant's injury arose out of his employment and that claimant was entitled to PPD benefits. However, regarding the calculation of claimant's average weekly wage, the circuit court stated: "The decision of the Industrial Commission on the question of the computation of the average weekly wage is reversed in reliance on *Paoletti v. Industrial Comm'n*, 279 Ill.

App. 3d [988], 216 Ill. Dec. 447 (1996)." *Paoletti* stands for the proposition that income from a claimant's own business generally should not be included in the calculation of average weekly wage. *Paoletti v. Industrial Comm'n*, 279 Ill. App. 3d 988, 996 (1996). The circuit court did not order a remand for a recalculation of claimant's average weekly ` wage, nor did the court recite a recalculated figure.

Respondent now brings this appeal, maintaining that claimant's fall was idiopathic and therefore did not arise out of claimant's employment. Alternatively, respondent urges us to recalculate claimant's average weekly rate and permanency rate and to consider whether claimant's PPD award was excessive in light of his alleged failure to complete medical treatment.

■ Prior to reaching the merits of respondent's arguments, we must decide, *sua sponte*, whether jurisdiction is proper. See *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54 (1985). It is well settled that only final determinations of the Commission are reviewable. *Honda of Lisle v. Industrial Comm'n*, 269 Ill. App. 3d 412, 414 (1995). An order in which the circuit court reverses an award and remands the cause to the Commission is interlocutory and not appealable. *Stockton v. Industrial Comm'n*, 69 Ill. 2d 120, 124 (1977). Where a party attempts to appeal an interlocutory or nonfinal order to this court, we are without jurisdiction to consider the appeal. *West v. Industrial Comm'n*, 238 Ill. App. 3d 445, 446-48 (1992).

■ We hold that the circuit court's order of March 1998 was not final and that we therefore lack jurisdiction. First, the circuit court's order reversed the Commission's decision to include claimant's private practice income in the calculation of his average weekly wage. Second, a remand to the Commission for a recalculation of claimant's average weekly wage is implicit in the circuit court's order. The circuit court's order does not recite an award amount, and without a remand order, the amount of claimant's benefits would remain undetermined. We find that it is for the Commission to recalculate claimant's award in this case. See *Swearingen v. Industrial Comm'n*, 298 Ill. App. 3d 666, 671-72 (1998) (remand necessary for recalculation of claimants' average weekly wage).

Our decision does not deprive the parties of the right to judicial review. Indeed, once the Commission recalculates claimant's award on remand, the Commission's decision will be reviewable. See *Stockton*, 69 Ill. 2d at 125.

Respondent's appeal is dismissed and the matter is remanded to

274

the Commission for a recalculation of claimant's average weekly wage consistent with the circuit court's March 1998 order.

Appeal dismissed and cause remanded.

McCULLOUGH, P.J., and RAKOWSKI, HOLDRIDGE and RAR-ICK, JJ., concur.