*In re* MARRIAGE OF CONNIE S. CROSSLAND, n/k/a Connie S. Heller, Petitioner-Appellee, and ALAN E. CROSSLAND, Respondent-Appellant.

Third District    No. 3—99—0039

Opinion filed September 9, 1999.

293

Jeff L. Neigel, of Sebo & Clark, of Canton, for appellant.

Kirk W. Bode, of McCoy & Bode, of Pekin, for appellee.

JUSTICE HOMER delivered the opinion of the court:

The respondent, Alan E. Crossland, appeals from an order of the circuit court granting a petition filed by the petitioner, Connie S. Heller, to increase child support. Alan argues that (1) the court erred in failing to deduct *per diem* income in determining Alan's net income for support purposes; (2) the law-of-the-case doctrine precluded the court from reconsidering the treatment of *per diem* income; and (3) the evidence failed to prove a substantial change in circumstances. We affirm.

## FACTS

Alan and Connie were divorced on June 20, 1991. As the noncustodial parent of the parties' two minor children, Alan was ordered to pay

child support. On September 8, 1997, Connie filed a petition to modify support. At the time, Alan was employed as an over-the-road truck driver for Capitol Transports, Inc. A letter from Capitol's payroll department stated that *per diem* at the rate of $32 per day was segregated on Alan's pay slip because it was nontaxable income. Alan's net income for support purposes without deducting *per diem* was $487.28 per week. On March 23, 1998, Associate Judge Patricia Walton granted Connie's petition, increasing Alan's support obligation from $75 to $95 per week. In so ruling, Judge Walton determined that *per diem* should be deducted in calculating Alan's net income for support purposes. Neither party appealed from the court's order.

On October 1, 1998, Connie filed another petition to modify. She alleged that Alan had changed jobs in March to work for Callaway Carriers, Inc., and his income had increased substantially. The evidence showed that Callaway did not segregate an amount for *per diem* income. Alan's net income for support purposes was $576.17 per week, an increase of approximately 18% over what he had been paid working for Capitol. On December 16, 1998, Judge John Clerkin granted Connie's petition, increasing support to $144 per week. In so ruling, Judge Clerkin denied Alan's claim for a $36 *per diem* deduction. Alan appeals from Judge Clerkin's order.

## ISSUES AND ANALYSES

### Deductibility of *Per Diem* Income

Initially, we consider Alan's argument that the trial court erred as a matter of law in ruling that he was not entitled to a *per diem* deduction from his current wages. Alan requests that this court adopt the Internal Revenue Service's current $36-per-day allowable deduction for employees of the transportation industry (Rev. Proc. 97—59, 1997—2 C.B. 594) in calculating his net income under section 505(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(a)(3) (West 1998)).

■ For the purpose of child support, "net income" is defined as the total of all income from all sources, minus the following deductions: (a) federal income taxes; (b) state income taxes;(c) social security payments; (d) mandatory retirement contributions; (e) union dues; (f) health insurance; (g) prior support obligations; and (h) expenditures for repayment of certain debts, including those reasonably and necessarily incurred for the production of income. 750 ILCS 5/505(a)(3)(a) through (a)(3)(h) (West 1998).

■ Alan concedes that his business travel expenses do not fall within subsection 505(a)(3)(h) of the Act because they do not constitute repayment of debt. Nor do such expenses arguably fit within any

of the other deductions listed in section 505(a)(3). Notwithstanding, Alan contends that his travel expenses constitute "ordinary and necessary expenses" incurred in carrying on his trade, and that he should be allowed to deduct the Internal Revenue Service's *per diem* allowance as a reasonable estimation of the actual expenses so incurred. He argues that the legislature in drafting section 505(a)(3) never contemplated that a supporting parent would have to pay child support on "gross receipts" reduced only by those deductions enumerated in section 505(a)(3). The statutory deductions, he maintains, are in addition to those allowed by section 162 of the Internal Revenue Code (I.R.C. § 162), which permits deductions for ordinary and necessary business expenses.

The treatment of tax deductible *per diem* paid to over-the-road truck drivers for purposes of child support appears to be an issue of first impression in this state. We note, however, that the Industrial Commission Division of the Illinois Appellate Court recently ruled that payments to over-the-road truck drivers, designated by employers as "reimbursement," constitute "wages" to the extent that the payments represent real economic gain rather than actual reimbursement for travel purposes. *Swearingen v. Industrial Comm'n*, 298 Ill. App. 3d 666, 699 N.E.2d 237 (1998). Although the definition of "wages" for purposes of establishing workers' compensation benefits is not coextensive with the concept of "net income" for purposes of child support awards, we believe *Swearingen*'s rationale is instructive.

Further, we are unpersuaded by Alan's federal income tax analogy in this instance. It is true that for tax purposes an employee can deduct from his adjusted gross income (AGI) actual business expenses for which he either receives specific reimbursement or recovers under an expense allowance arrangement. I.R.C. § 62(a)(2)(A); Treas. Reg. §§ 1.61—1(c)(2), 1.61—2. However, as in the instant case, when employee business expenses are not specifically reimbursed by the employer or recovered under an expense allowance arrangement, they can only be taken as itemized deductions on the employee's federal income tax return. I.R.C. § 162(a)(2). In such instance, the deductions are subject to certain threshold limitations and do not reduce AGI.[1]

We conclude that the trial court properly disallowed the claimed *per diem* deduction in computing Alan's net income for the purposes of child support.

---

[1]For a more detailed discussion of the federal income tax ramifications, see Federal Tax Service (CCH) § A:10.42 (1998).

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Fulton County.

Affirmed.

BRESLIN and SLATER, JJ., concur.