*In re* MARRIAGE OF ROXANN WORRALL, Petitioner, and RAYMOND WORRALL, Respondent-Appellee (The Department of Public Aid, Appellant).

Second District   No. 2—01—0786

Opinion filed October 18, 2002.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Richard S. Huszagh, Assistant Attorney General, of counsel), for appellant.

Pamela W. Anderson, of Connie R. Gessner, P.C., of Wheaton, for appellee.

JUSTICE KAPALA delivered the opinion of the court:

The Illinois Department of Public Aid (Department) appeals from an order of the circuit court of Du Page County denying its petition to increase the child support paid by respondent, Raymond Worrall, to petitioner, Roxann Worrall. We reverse that order and remand the cause for further proceedings.

On January 19, 1995, the circuit court of Du Page County entered a judgment dissolving the parties' marriage. The parties had two minor

children and respondent was initially ordered to pay $66 per week in child support. On October 23, 1995, the Illinois Department of Public Aid (Department) entered an appearance and on June 26, 1996, an agreed order was entered increasing the child support to $115 per week.

On March 24, 2000, the Department filed a petition to increase respondent's child support, alleging a substantial change in circumstances (see 750 ILCS 5/510(a)(1) (West 2000)) in that both respondent's income and the children's needs had substantially increased. The petition alternatively sought to increase child support based on an inconsistency of at least 20% between the amount of the existing order and the amount of support that would result from the application of the guidelines. See 750 ILCS 5/510(a)(2)(A) (West 2000).

The evidence at the hearing on the Department's petition established that respondent was employed as an over-the-road truck driver and his compensation consists of his base pay and an amount designated a *"per diem,"* which is designed to cover expenses for meals and lodging while on the road. For instance, for the period from March 18, 2001, to March 24, 2001, respondent received base pay of $1,067 and a $457 *per diem.* Respondent testified that while on the road, he sleeps in his truck, but he incurs expenses to pay for showers. With reference to the *per diem,* respondent testified, "I get so much a night to sleep in the truck from the government." The trial court excluded the *per diem* from respondent's income for purposes of deciding the Department's petition. The trial court calculated respondent's income by averaging his income for the years 1998, 1999, and 2000, and his projected income for 2001, resulting in an income of $34,988. The court stated as follows:

> "Such an income places [respondent] in the 28 percent tax bracket, *** 25 percent Fed, three percent for the State, which under section 505 results in an average net income of $25,192."

This figure yielded guideline support in the amount of $121. The trial court concluded that the increase in respondent's income was insufficient to mandate increasing his child support obligation. Accordingly the trial court denied the Department's petition. The Department brought this appeal.

The sole issue raised on appeal is whether the trial court erred in excluding the *per diem* from respondent's income for purposes of calculating child support. We initially note that respondent has not filed an appellate brief. Nonetheless, this appeal is amenable to a decision on the merits under the principles of *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

■ Section 505 of the Act (750 ILCS 5/505 (West 2000)) governs

awards of child support in dissolution of marriage proceedings. Section 505(a)(1) establishes guidelines to determine the minimum amount of support. Guideline support is expressed as a percentage of the supporting parent's net income and the percentage varies with the number of children being supported. 750 ILCS 5/505(a)(1) (West 2000). Here, respondent is obligated to support two children. The guideline support amount for two children is 25% of the supporting parent's net income. 750 ILCS 5/505(a)(1) (West 2000). The trial court must award the guideline amount unless the court: (1) makes a finding, after considering the best interests of the child, that the application of the guidelines would be inappropriate; (2) states the amount of support that would have been required under the guidelines, if determinable; and (3) indicates the reason or reasons for the variance from the guidelines. 750 ILCS 5/505(a)(2) (West 2000).

■ For purposes of determining the guideline amount, " 'Net income' is defined as the total of all income from all sources" minus deductions for federal and state income taxes (properly calculated withholding or estimated payments), social security, mandatory retirement contributions, union dues, dependent and individual health/hospitalization premiums, prior support or maintenance obligations, and, of significance here, "[e]xpenditures for repayment of debts that represent reasonable and necessary expenses for the production of income." 750 ILCS 5/505(a)(3) (West 2000). The case law cited by the Department illustrates that the supporting parent bears the burden of establishing that a deduction applies. See, *e.g.*, *In re Marriage of Minear*, 181 Ill. 2d 552, 560 (1998) (even assuming that depreciation of business assets could be deducted, supporting parent could not take the deduction because no evidence was offered to explain the claimed depreciation expense); *In re Marriage of Nelson*, 297 Ill. App. 3d 651, 656 (1998) (party claiming a deduction for depreciation as a reasonable and necessary expense for the production of income was required to show that the expense was the repayment of a debt).

■ Under federal law, when an over-the-road truck driver's employer pays a *per diem* allowance for meals and lodging that meets certain requirements, the recipient may take a federal income tax deduction in that amount without substantiating actual expenses. See generally Rev. Proc. 2001—47, 2001—42 I.R.B. 332. The amount designated a *per diem* does not necessarily correspond to any actual deductible expenses; the recipient may spend the money as he or she sees fit. At issue here is whether a portion of a child support obligor's compensation designated a *per diem* constitutes income for purposes of setting child support.

We have observed, " 'Income' represents a 'gain or profit' [cita-

tion] and is 'ordinarily understood to be a return on the investment of labor or capital, thereby increasing the wealth of the recipient' [citations]." *Villanueva v. O'Gara*, 282 Ill. App. 3d 147, 150 (1996). We have further noted that there is a distinction between income and the recoupment of capital. *Villanueva*, 282 Ill. App. 3d at 150. The issue in *Villanueva* was whether, or what portion of, the net proceeds from the settlement of a product liability lawsuit constituted "income" for purposes of modifying child support. We held that to the extent the settlement compensated the recipient for disability, disfigurement, pain, suffering, and reasonable past and future medical expenses, it did not constitute income; those portions of the award served to restore the status quo prior to his injury, but did not make him richer. *Villanueva*, 282 Ill. App. 3d at 150-51. However, we held that the portion of the settlement representing past and future lost earnings should be considered income for child support purposes. *Villanueva*, 282 Ill. App. 3d at 151.

In *In re Marriage of Crossland*, 307 Ill. App. 3d 292 (1999), an over-the-road truck driver argued that, in determining his income for child support purposes, the court should allow him to take a $36-per-day deduction permitted by the Internal Revenue Service. The truck driver's employer did not designate any part of his compensation as a *per diem*. The *Crossland* court noted that in the workers' compensation setting, it had been held that "payments to over-the-road truck drivers, designated by employers as 'reimbursement,' constitute 'wages' to the extent that the payments represent real economic gain rather than actual reimbursement for travel purposes." *Crossland*, 307 Ill. App. 3d at 295, citing *Swearingen v. Industrial Comm'n*, 298 Ill. App. 3d 666 (1998). The *Crossland* court observed that "[a]lthough the definition of 'wages' for purposes of establishing workers' compensation benefits is not coextensive with the concept of 'net income' for purposes of child support awards, we believe *Swearingen*'s rationale is instructive." *Crossland*, 307 Ill. App. 3d at 295.

It is important to recognize that the *Crossland* court did not definitively reach the question of whether amounts properly designated a *"per diem"* should be included in income for purposes of calculating child support. It was unnecessary to do so because no part of the child support obligor's pay was designated as a *per diem*. Viewing *Crossland* as a whole, the limited holding of the case is that a parent owing support may not reduce his or her income by an amount representing a *per diem* if his or her employer does not designate any portion of his pay as a *"per diem."*

■ Relying on *Crossland*, the trial court in this case ruled that the *per diem* represented income only to the extent that it exceeded actual

expenses and that the burden to prove the excess should be on the Department. This ruling misapprehends *Crossland*'s limited holding described above. In our view, the designation of a portion of respondent's pay as a *per diem* has no bearing on the economic reality of respondent's compensation. Respondent is free to use that sum along with the rest of his compensation however he sees fit. Except for the tax benefits, he is in essentially the same position, from an economic standpoint, as he would have been if he received the same amount of pay without any portion designated a *per diem*. However, under the trial court's rationale, supporting parents earning the same total compensation and incurring the same expenses for meals and lodging might pay different amounts of child support depending on how much of the compensation, if any, is designated a *per diem*. An over-the-road truck driver who does not receive any compensation designated a *per diem* would apparently have to the show the applicability of a specific deduction under section 505(a)(3) of the Act (750 ILCS 5/505(a)(3) (West 2000)). This he or she might be unable to do because the only potentially applicable deduction is for "[e]xpenditures for *repayment of debts* that represent reasonable and necessary expenses for the production of income." (Emphasis added.) 750 ILCS 5/505(a)(3)(h) (West 2000). See *Crossland*, 307 Ill. App. 3d at 294 (over-the-road trucker "concede[d] that his business travel expenses do not fall within subsection 505(a)(3)(h) of the Act because they do not constitute repayment of debt"). We see no reason why the amount of support a parent pays should depend on notations on his pay stub that are simply designed to obtain advantageous tax treatment. To permit such a result would exalt form over substance. We therefore conclude that *per diem* allowances for travel expenses generally constitute income for the purpose of calculating child support. This income, however, is subject to reduction to the extent that the child support payer can prove that the *per diem* was used for actual travel expenses and not for his or her economic gain.

We note that *Villanueva*, discussed earlier, does not require a different result. In that case there was no question that part of the settlement paid to a child support obligor was compensation for an injury actually suffered. Here, respondent's *per diem* was only nominally for meals and lodging; in actuality respondent could use the money for whatever purpose he chose.

General burden-of-proof principles and public policy considerations support our conclusion. In *Snyder v. Ambrose*, 266 Ill. App. 3d 163, 166 (1994), this court observed:

> "It is well recognized in this State that the burden of producing evidence chiefly, if not entirely, within the control of an adverse

party rests upon the same adverse party if he would deny the existence of the facts claimed by another adverse party [citation]. Additionally, one need not prove a negative averment, the burden of proof being on the party who asserts the affirmative [citation]. The United States Supreme Court has stated, '[t]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary.' [Citations.] The corollary to the above proposition is:

'Where a party alone possesses information concerning a disputed issue of fact and fails to bring forward that information, and it is shown that it can be produced by him alone, a presumption arises in favor of his adversary's claim of fact.' [Citation.]" *Snyder*, 266 Ill. App. 3d at 166.

■ Here, the Department established that respondent had received a substantial pay increase. The trial court essentially imposed the additional burden of proving a negative proposition: that respondent did not actually spend the amount designated a *per diem* for food and lodging. Because respondent enjoyed far superior access to the relevant evidence, the burden should have been placed on him to prove his actual expenses for meals and lodging and to establish a lawful basis for deducting them from his income. Moreover, unless the supporting parent bears the burden of proof, he or she will have no incentive to keep records of expenses for meals and lodging; such records are not necessary for tax purposes but might be used against the parent in a child support proceeding. Even with liberal discovery, it might be impossible as a practical matter for the parent seeking support to establish the other parent's expenses for meals and lodging. There is a strong societal interest in ensuring that parents provide appropriate support for their children. The trial court's rule rewards poor record keeping and facilitates a parent's efforts to avoid his or her support obligation. This is unacceptable as a matter of public policy.

Accordingly, this cause is remanded for a new hearing. At that hearing, the trial court is directed to include in respondent's income the entire amount of the *per diem* travel allowance he receives reduced by the amount actually used for travel expenses with respondent having the burden of proving those expenses.

For the foregoing reasons we reverse the order of the circuit court of Du Page County denying the Department's petition and remand the cause for further proceedings in accordance with this order.

Reversed and remanded with directions.

McLAREN and BYRNE, JJ., concur.