FILED
February 25, 2020
Carla Bender
4th District Appellate
Court, IL

Workers' Compensation
Commission Division
Order Filed: February 25, 2020

2020 IL App (4th) 190317WC-U

Nos. 4-19-0317WC, 4-19-0318WC, 4-19-0319WC, & 4-19-0320WC (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| WILLIAM A. NIEKAMP TRUCK SERVICE, INC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellee and Cross Appellant | ) | Adams County |
| | ) | |
| v. | ) | Nos. 18 MR 24 |
| | ) | 18 MR 43 |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION *et al.*, | ) | Honorable |
| | ) | Mark A. Drummond, |
| (Joseph Bowen, Appellant and Cross-Appellee). | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hudson, Cavanagh, and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The circuit court's order from which these consolidated appeals are taken is not a final order. We, therefore, dismissed these consolidated appeals for want of jurisdiction.

¶ 2    The claimant, Joseph Bowen, filed two appeals from the circuit court's order of April 22, 2019, which were docketed in this court as nos. 4-19-0317WC and 4-19-0318WC. On August 5, 2019, this court consolidated the claimant's two appeals. William A. Niekamp Truck Service, Inc.

(Niekamp Truck) filed two appeals from the same order of the circuit court, which were docketed in this court as nos. 4-19-0319WC and 4-19-0320WC. On August 5, 2019, this court consolidated Niekamp Truck's two appeals. On February 18, 2020, this court consolidated case nos. 4-19-0317WC, 4-19-0318WC, 4-19-0319WC, and 4-19-0320WC. For the reasons which follow, we dismiss these consolidated appeals for want of jurisdiction.

¶ 3    The following recitation of the procedural history of this case relevant to a disposition of these consolidated appeals is taken from the pleadings and orders of both the Illinois Workers' Compensation Commission (Commission) and the circuit court.

¶ 4    The claimant filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2012)), seeking benefits for injuries to his right knee sustained while working for Niekamp Truck on April 14, 2014.

¶ 5    Following the arbitration hearing held on February 1, 2017, the arbitrator issued a written decision, finding that the claimant sustained an injury to his right knee on April 14, 2014, that arose out of and in the course of his employment with Niekamp Truck. The arbitrator awarded the claimant the following: 13 6/7 weeks of temporary total disability (TTD) benefits; 6 weeks of temporary partial disability (TPD) benefits; and 43 weeks of permanent partial disability (PPD) benefits for a 20% loss of use of his right leg. The arbitrator ordered Niekamp Truck to pay $9,023.53 for reasonable and necessary medical services rendered to the claimant and to hold the claimant harmless for $19,475.27 of medical expenses paid by the claimant's spouse's group health insurance. In addition, the arbitrator awarded the claimant $19,316.80 in penalties pursuant to section 19(k) of the Act (820 ILCS 305/19(k) (West 2016)), $10,000.00 in penalties pursuant to

section 19(*l*) of the Act (820 ILCS 305/19(*l*) (West 2016)), and $7,726.75 in attorney fees pursuant to section 16 of the Act (820 ILCS 305/16 (West 2016)).

¶ 6    Both the claimant and Niekamp Truck filed petitions for review of the arbitrator's decision before the Commission. On January 4, 2018, the Commission issued a unanimous decision: vacating the award of penalties awarded to the claimant pursuant to section 19(k) of the Act; vacating the attorney fees awarded to the claimant pursuant to section 16 of the Act; clarifying the basis for awarding the claimant 43 weeks of permanent partial disability benefits for a 20% loss of use of his right leg; and affirming and adopting the arbitrator's decision in all other respects, including the award of penalties pursuant to section 19(*l*) of the Act. In addition, the Commission found no records sufficient to support a credit in favor of Niekamp Truck pursuant to section 8(e)(17) of the Act (820 ILCS 305/8(e)(17) (West 2016)) against the claimant's award of PPD benefits for a 20% loss of use of his right leg.

¶ 7    On January 24, 2018, Niekamp Truck filed for judicial review of the Commission's decision in the circuit court of Adams County. The matter was docketed as case No. 18 MR 24. Thereafter, Niekamp Truck filed a motion before the Commission pursuant to section 19(f) of the Act (820 ILCS 305/19(f) (West 2016)), alleging that the Commission made a clerical error in failing to properly award a credit pursuant to section 8(e)(17) of the Act. The Commission denied Niekamp Truck's motion on February 2, 2018. On February 22, 2018, Niekamp Truck filed for judicial review of the Commission's decision denying its section 19(f) motion. That matter was docketed in the circuit court of Adams County as case No. 18 MR 43. The claimant did not file a notice of intent to seek review of the Commission's decision. On May 16, 2018, the circuit court

entered an order consolidating cases 18 MR 24 and 18 MR 43.

¶ 8    Niekamp Truck placed in issue the propriety of the Commission's award of penalties pursuant to section 19(*l*) of the Act, the Commission's denial of a credit pursuant to section 8(e)(17) against the claimant's award of PPD benefits for a 20% loss of use of his right leg, and the Commission's denial of its section 19(f) motion. The claimant sought a reversal of the Commission's denial of his claim for penalties pursuant to section 19(k) of the Act and attorney fees pursuant to section 16 of the Act.

¶ 9    On December 18, 2018, the circuit court entertained argument on the consolidated cases and, on April 22, 2019, entered a written decision entitled "Opinion." The document states the following: "Given the Commission's finding that the actions of the employer [Niekamp Truck] were not unreasonable or vexatious and there existed a good faith defense the court finds that awarding Section 19(*l*) penalties was in error and reverses the award of those penalties." It also provides that "[t]he [claimant's] request for reinstatement of 19(k) penalties is likewise denied." Although the document contains an extensive discussion of the arbitrator's decision as it relates to Niekamp Truck's claim for a credit pursuant to section 8(e)(17) of the Act, the circuit court never confirmed the Commission's decision on the issue, nor did it rule upon the Commission's denial of Niekamp Truck's section 19(f) motion. Similarly, although the circuit court denied the claimant's request for reinstatement of the section 19(k) penalties in its "Opinion" of April 22, 2019, the document is silent as to the section 16 attorney fee issue.

¶ 10    Although neither party has raised the issue, this court is obligated to examine its jurisdiction and dismiss an appeal if that jurisdiction is lacking. *St. Elizabeth's Hospital v. Illinois Workers'*

*Compensation Comm'n*, 371 Ill. App. 3d 882, 883 (2007). It is well settled that the jurisdiction of the appellate court is limited to the review of final judgments, unless an exception is provided by statute or Supreme Court Rule. *Trunek v. Industrial Comm'n*, 345 Ill. App. 3d 126, 127 (2003).

¶ 11 A judgment is final and appealable if it terminates the litigation between the parties, either on the entire controversy or some definite part, so that if affirmed, the trial court need only proceed with execution. *Big Sky Excavating, Inc. v. Illinois Bell Telephone Company*, 217 Ill. 2d 221, 232-33 (2005). In this case, the circuit court never ruled on the propriety of the Commission's decision to deny Niekamp Truck a credit pursuant to section 8(e)(17) of the Act against the claimant's award of PPD benefits for a 20% loss of use of his right leg; nor did it rule on the Commission's denial of Niekamp Truck's section 19(f) motion. In addition, the circuit court failed to rule on the Commission's vacation of the arbitrator's award of attorney fees to the claimant pursuant to section 16 of the Act. The only issues raised by the parties that the circuit court actually ruled upon were its reversal of the section 19(*l*) penalties awarded to the claimant and its denial of the claimant's request for the reversal of that portion of the Commission's decision vacating the arbitrator's award of section 19(k) penalties.

¶ 12 The order entered by the circuit court left several issues raised by the parties unresolved and did not dispose of the litigation between them. Therefore, the circuit court's order of April 22, 2019, is not a final order; and as a result, we lack jurisdiction to entertain these consolidated appeals.

¶ 13 Dismissed.