2021 IL App (4th) 200268WC

NOS. 4-20-0268WC, 4-20-0269WC cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

| | |
|---|---|
| JOSEPH E. BOWEN,<br>    Appellant,<br>v.<br>THE ILLINOIS WORKERS' COMPENSATION<br>COMMISSION *et al.* (William A. Niekamp Truck<br>Service, Inc., Appellees). | ) Appeal from the<br>) Circuit Court of<br>) Adams County<br>) Nos. 18MR24<br>)     18MR43<br>)<br>) Honorable<br>) Scott D. Larson,<br>) Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Barberis
concurred in the judgment and opinion.

**OPINION**

¶ 1        In litigation before the Illinois Workers' Compensation Commission
(Commission), petitioner, Joseph Bowen, won benefits from respondent, William A. Niekamp
Truck Service, Inc. Respondent brought two actions for judicial review, and the circuit court issued
a decision that was partly unfavorable to petitioner. The parties appealed in the two cases. We
dismissed the appeals for lack of jurisdiction. The circuit court then issued a further decision.
Petitioner appeals again in the two cases. We likewise dismiss these appeals for lack of jurisdiction.

¶ 2                                    I. BACKGROUND

¶ 3        Respondent brought two actions for judicial review. One action, Adams County
case No. 18-MR-24, was to review a decision of January 4, 2018, by the Commission. In that case,

respondent raised two issues before the circuit court: (1) the imposition of a section 19(l) penalty (see 820 ILCS 305/19(l) (West 2014)) and (2) the denial of a credit under section 8(e)(17) (*id.* § 8(e)(17)). The other action for judicial review that respondent brought was Adams County case No. 18-MR-43. In that action, respondent challenged Commissioner Brennan's denial of a section 19(f) motion to correct a reputed clerical error (see *id.* § 19(f)), namely, the omission of a credit under section 8(e)(17). The circuit court consolidated the two cases for decision.

¶ 4        In an opinion that it entered on April 22, 2019, the circuit court reversed the Commission's award of a penalty under section 19(l). By the same token, the court declined petitioner's "request for reinstatement of section 19(k) penalties." As for the denial of a credit under section 8(e)(17), the circuit court reasoned that, effectively, the Commission already had allowed such a credit.

¶ 5        The parties appealed to the appellate court from the circuit court's opinion of April 22, 2019. The appellate court concluded, however, that it lacked jurisdiction because three issues remained unaddressed by the circuit court:

>    "In this case, the circuit court never ruled on the propriety of the Commission's
>
>    decision to deny [respondent] a credit pursuant to section 8(e)(17) of the Act
>
>    against [petitioner's] award of [permanent partial disability] benefits for a 20%
>
>    loss of use of his right leg; nor did it rule on the Commission's denial of
>
>    [respondent's] section 19(f) motion. In addition, the circuit court failed to rule on
>
>    the Commission's vacation of the arbitrator's award of attorney fees to
>
>    [petitioner] pursuant to section 16 of the Act." *William A. Niekamp Truck Service,*
>
>    *Inc. v. Illinois Workers' Compensation Comm'n*, 2020 IL App (4th) 190317WC-
>
>    U, ¶ 11.

¶ 6 Because the circuit court's opinion of April 22, 2019, left unresolved those issues that the parties had raised to the circuit court, there was as of yet no final judgment to review, and the appellate court lacked jurisdiction. *Id.* ¶ 12. Therefore, the appellate court dismissed the consolidated appeals. *Id.*

¶ 7 On May 26, 2020, the circuit court entered a further decision in case Nos. 18-MR-24 and 18-MR-43. In this second decision, the court addressed the remaining issues as follows:

"4. Consistent with this Court's April 22, 2019[,] Opinion, the Commission's failure to deduct the Section 8(e)(17) credit from the Commission's 20% loss of use of the right leg award was erroneous as a matter of law and against the manifest weight of the evidence[,] given the existence of [petitioner's] prior settlement, documented in the record and in the Commission's own database;

5. The Commission's denial of Section 16 attorney[ ] fees was neither against the manifest weight of the evidence[ ] nor an abuse of discretion, and the Commission's denial of [s]ection 16 attorney[ ] fees is affirmed on review;

6. [Respondent] is entitled to a credit of 22.5% loss of use of the right leg pursuant to Section 8(e)(17)[,] to be deducted from the Commission's award of 20% loss of use of the right leg pursuant to Section 8.1b(b) [(820 ILCS 305/8.1b(b) (West 2014))], resulting in no additional permanency payable; and

7. The issue of the Commission's denial of [respondent's] Section 19(f) motion is mooted by this Court's Order as the credit calculation has been corrected."

¶ 8 Petitioner now appeals to us from the circuit court's decision of May 26, 2020. His appeals are twofold—one for case No. 18-MR-24 and the other for 18-MR-43—and we have consolidated his two appeals.

¶ 9                                    II. ANALYSIS

¶ 10 Although the parties do not question our jurisdiction over these consolidated appeals, we have an independent duty to make sure that we have jurisdiction. *Williams v. Industrial Comm'n*, 336 Ill. App. 3d 513, 515 (2003); *Kendall County Public Defender's Office v. Industrial Comm'n*, 304 Ill. App. 3d 271, 273 (1999). Unless a statute or a supreme court rule makes an exception, our jurisdiction is limited to deciding appeals from final judgments. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) (providing that "[e]very *final* judgment of a circuit court in a civil case is appealable as of right" (emphasis added)); *Trunek v. Industrial Comm'n*, 345 Ill. App. 3d 126, 127 (2003). " 'A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " *Trunek*, 345 Ill. App. 3d at 127 (quoting *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989)).

¶ 11 Under section 19(f)(2) of the Workers' Compensation Act, the circuit court's judgment is considered to be final, executable, and appealable only if the circuit court confirms the Commission's decision or, alternatively, sets aside the Commission's decision without a remand. Section 19(f)(2) provides as follows:

"The court may confirm or set aside the decision of the Commission. If the decision is set aside and the facts found in the proceedings before the Commission are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the Commission for further proceedings and may state the

- 4 -

questions requiring further hearing, and give such other instructions as may be proper." 820 ILCS 305/19(f)(2) (West 2020).

See also *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54 (1985) (holding that, when a circuit court sets aside the Commission's decision and remands the case to the Commission for further proceedings involving the resolution of questions of law or fact, the order is interlocutory and not appealable). The confirmation or setting aside need not be *in toto*. The circuit court may confirm part of the Commission's decision and set aside another part. But each part of the Commission's decision that comes under challenge in the circuit court must be either confirmed or set aside.

¶ 12        In its order of May 26, 2020, the circuit court neither confirmed nor set aside the Commission's denial of a section 8(e)(17) credit. To be sure, in its order, the court characterized the Commission's denial of the credit as against the manifest weight of the evidence and as legally erroneous, and the court declared respondent to be entitled to a credit of 22.5% against the loss of use of petitioner's right leg. The court thereby "enter[ed] such decision as" the court deemed to be "justified by law." 820 ILCS 305/19(f)(2) (West 2020). Before entering its own decision on this point, however, the circuit court was supposed to set aside the Commission's decision on this point: "*If the decision is set aside* and the facts found in the proceedings before the Commission are sufficient, the court may enter such decision as is justified by law." (Emphasis added.) *Id.* Unless the circuit court sets aside the part of the Commission's decision denying the credit, two opposing decisions on the credit will be in force: a decision by the Commission and a decision by the circuit court. Respondent's claim to a section 8(e)(17) credit remains unresolved—and, hence, the circuit court's judgment remains nonfinal and nonappealable—until, on the basis of its

analysis, the circuit court either confirms or sets aside the part of the Commission's decision denying the credit.

¶ 13　　　The other matter, case No. 18-MR-43, in which respondent challenged the denial of its section 19(f) motion, likewise remains unresolved and, therefore, nonappealable. As to that matter, the circuit court's order of May 26, 2020, merely stated, "The issue of the Commission's denial of [respondent's] [s]ection 19(f) motion is mooted by the [c]ourt's [o]rder as the credit calculation has been corrected." This was not a disposition. A moot case should be dismissed. *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819, ¶ 12. We question, however, whether case No. 18-MR-43 was "moot," properly speaking. See *Compass Group v. Illinois Workers' Compensation Comm'n*, 2014 IL App (2d) 121283WC, ¶ 25 (describing a moot argument as one that "present[s] no real controversy"); *Eisenberg v. Industrial Comm'n of Illinois*, 337 Ill. App. 3d 373, 378 (2003) (describing an issue as moot "where events occur which make it impossible for the court to grant effectual relief" or where "it becomes apparent that an opinion cannot affect the results as to the parties or the controversy before it"). In any event, case No. 18-MR-43 lacks a disposition by the circuit court.

¶ 14　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　To sum up, in case No. case 18-MR-24, respondent's challenge to the part of the Commission's decision denying a section 8(e)(17) credit still awaits a disposition by the circuit court. There is a decision or an analysis in that case but no disposition. Case No. 18-MR-43 likewise still awaits a disposition by the circuit court. Therefore, we dismiss these appeals for lack of jurisdiction.

¶ 16　　　Appeals dismissed.