(No. 33157.—

DONALD MCCANN, for the use of Kenneth Osterman, Appellee, *vs.* CONTINENTAL CASUALTY COMPANY, Appellant.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

ECKERT, PETERSON & LOWRY, of Chicago, (A. R. PETERSON, OWEN RALL, HAROLD W. HUFF, and HERBERT C. LOTH, JR., of counsel,) for appellant.

JOSEPH BARBERA, of Chicago, (CHARLES D. SNEWIND, of counsel,) for appellee.

Mr. Chief Justice Bristow delivered the opinion of the court:

Continental Casualty Company, defendant-garnishee in a garnishment action, appeals directly to this court from a judgment of the circuit court of Cook County in a proceeding to enforce liability of the garnishee on a certain insurance policy, the direct appeal being on the theory that the action involves the validity and constitutionality of section 42-11 of the Motor Vehicle Act. Ill. Rev. Stat. 1953, chap. 95½, par. 58k.

One William J. Kenealy was the owner of a certain motor scooter purportedly covered by the insurance policy in question issued by Continental Casualty Company. Donald McCann injured one Kenneth Osterman while driving said motor scooter without the knowledge of the owner but with the permission of the owner's minor son. A default judgment was entered against McCann for $7500 for damages arising from such injuries.

The insurance policy covering the motor scooter contained a special endorsement limiting coverage to the named insured and those relatives of the named insured who were members of his household. Donald McCann was neither a relative nor a member of the household of the owner of the scooter.

The instant garnishment action was instituted to enforce the liability of the insurance company under said policy.

The traverse of plaintiff to defendant-garnishee's answer to interrogatories submitted has not been included in the record. A motion to strike plaintiff's traverse was denied and nothing appears in such motion raising any issue as to the validity of said section 42-11 of the statute here in question.

From the evidence introduced at the garnishment hearing, it was clearly established that the owner of the motor scooter had granted permission to his minor son to allow

his friends to drive the scooter if they were dependable, and that such permission was in effect on the date of the accident.

The insurance policy in question was also introduced in evidence and section 8 of the conditions thereof reads as follows:

"8. Financial Responsibility Laws—Coverages A and B:

Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Section 23 of the conditions of the same policy provides as follows:

"23. Terms of Policy Conformed to Statute:

Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

Section 42-11 of the act provides, in substance, that any policy of insurance used to satisfy the requirements of such act for proof of financial responsibility in order to avoid revocation of license "shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or vehicles with the express or implied permission of said insured."

At the close of all the evidence, motions for directed verdicts were made by both the plaintiff and the defendant. Following an argument in chambers, not shown in the record, during which the trial court evidently indicated that it would deny the defendant-garnishee's motion and grant the plaintiff's motion, the defendant made the state-

ment, in chambers, "in order that the garnishee defendant might not later be confronted with the proposition that it has not raised a constitutional question in the trial court, and since we believe a constitutional question to be involved," asserting that the statute in question is unconstitutional as lacking in due process and is in violation of section 13 of article IV of the Illinois constitution. Thereafter the court instructed the jury to find the defendant-garnishee guilty and judgment was entered accordingly for $5000, the limits of coverage under the policy.

In appealing directly to this court the defendant-garnishee in its statement of the case asserts that the trial court: (1) held the restrictive endorsement to be in violation of section 42-11 of the act and invalid; (2) held that said provision of the act requires an "omnibus" clause in all liability policies; and (3) substituted for the language of the endorsement the language of section 42-11 and ruled that McCann was covered under the policy as thus modified.

The points relied upon for reversal are, (1) that section 42-11 of the Motor Vehicle Act as construed by the trial court, is unconstitutional in that it lacks due process and violates section 13 of article IV of the Illinois constitution, and (2) that the decision of the trial court is erroneous because (a) the court misinterpreted the statute to require coverage according to its terms in all policies of insurance and (b) the evidence did not warrant the directed verdict.

Plaintiff-appellee, in response to the assertions of defendant-appellant, contends first that the issues can be and were determined without reference to the constitutionality of the statute in question so that there is no constitutional issue giving this court jurisdiction on direct appeal; second, that the trial court's holding was not as contended by defendant but that it merely incorporated the provisions of the statute into the policy in conformity with section 8 of the insurance policy; third, that the policy endorse-

ment in question and section 8 of the policy are not in conflict and when construed together it appears that the intention was to adopt the "omnibus clause" of the statute as the criterion of coverage; fourth, that the question of express or implied permission to use the scooter was undisputed in the evidence and became a question of law and required a directed verdict; and, fifth, that no matter how construed the statute is not unconstitutional.

In its reply brief, defendant-appellant asserts plaintiff has abandoned the theory of his case advanced in the trial court and has adopted a theory not urged below, in an attempt to oust this court of jurisdiction. It is asserted that in the lower court plaintiff's theory was that the statute in question made it mandatory to include the omnibus clause in a liability insurance policy, and in this court his theory is that the policy in question, through section 8 thereof, by its own terms incorporates the omnibus clause thus presenting a question of policy construction rather than statutory validity. The record does not show the theory or reasoning on which the trial court based its decision. Defendant contends that since the trial court did necessarily decide a constitutional issue, thus authorizing a direct appeal, the fact that plaintiff has changed his position, making it unnecessary to pass on the constitutional issue, does not oust this court of jurisdiction.

The question of when the validity of a statute or construction of the constitution is involved so as to give direct appellate jurisdiction to this court seems to arise with recurring frequency. Section 75(1) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 199,) provides that "Appeals shall be taken directly to the Supreme Court in all cases in which * * * the validity of a statute or * * * the construction of the constitution is involved, * * *." This statutory provision gives effect to section 11 of article VI of the Illinois constitution, which provides for a review by the Supreme Court in

all cases where the validity of a statute is involved. *Punke v. Village of Elliott,* 364 Ill. 604.

Though neither of the parties to the litigation raise the question of jurisdiction the court will itself raise the question if it is discovered to exist. In disposing of the question, however, if it is found the appeal has been taken to the wrong court, such court, under section 86 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 210,) will transfer the cause to the proper court.

We are forced to conclude from an examination of the record that the validity of the statute in question was not necessarily involved in the trial court decision, was not presented to the trial court by the facts before it, and no construction of the constitution is involved. Nothing appears of record to indicate that the validity of any statute or the construction of any constitutional provision was presented to the trial court, other than the argument by counsel for defendant-appellant that there was a question of statutory validity and constitutional construction which would justify direct appeal. As heretofore observed, the mere assertion by counsel that a constitutional question is involved is insufficient. The record also fails to disclose that the trial court actually passed upon any such issue. No opinion of the trial court as to the reasons for its decision or the issues actually decided is included in the record. All that appears is the judgment of the trial court in favor of the plaintiff and against the defendant-garnishee on the insurance policy in issue. The record discloses that the trial court, in disposing of the questions presented, was faced with the problem of construing and interpreting the statute involved and the insurance policy in question and applying them to the facts in issue. The record nowhere indicates that the validity of the financial responsibility provision of the Motor Vehicle Act as such was challenged before the trial court. In fact, the principal assignment of error by defendant-appellant is that the financial.

responsibility provision *as construed by the trial court* is unconstitutional. Thus, by defendant's own interpretation, merely the construction and not the validity of the statute is in question. Furthermore, defendant-appellant contends that the construction given the act by the trial court is unconstitutional in that it lacks due process. This, in substance, is a contention by the defendant-appellant that it has been deprived of due process of law by an erroneous judicial decision. It is apparent from the record that a construction and interpretation of the language of the insurance policy and of section 42-11 of the Motor Vehicle Act will determine the issue in this case and that a decision as to the validity of said section is not necessary to a determination of the controversy here presented. There is no basis for this court to take jurisdiction of this case on direct appeal and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*