(No. 49477.—

NOBLE L. STOCKTON, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Old Ben Coal Corporation, Appellant.)

*Opinion filed November 30, 1977.*

William W. Hart, Jr., of Hart, Hart and Gulley, of Benton, for appellant.

Hanagan & Dousman, of Mt. Vernon, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In this workmen's compensation case the employer contends that it is entitled to credit for payments made to the employee during his temporary total disability under the provisions of two group insurance policies, by virtue of provisions of section 8(j)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(j)(2)).

The petitioner, Noble L. Stockton, was employed by the respondent, Old Ben Coal Corporation, and was injured at work on November 3, 1972. He testified that he

was off work from five to seven weeks. He returned to work for a time, but because of his injury he was unable to continue. He again left work on March 27, 1973, and has not returned to work since that date. The employer continued to pay him his salary from the day of his injury until he left work on March 27, 1973, and continued to pay his salary thereafter for a period of 65 4/7 weeks, until June 30, 1974.

Two group insurance policies covering the respondent's employees were in effect on the date of the injury, and the petitioner was entitled to, and received, benefits under both policies. The respondent paid the total premuim on one policy, and paid a part of the premium on the other, the employee paying the balance. Neither policy contains language restricting the payment of benefits to nonoccupational injuries, and the insured is entitled to payments irrespective of any benefits payable under the Workmen's Compensation Act.

The petitioner and respondent agree that the employer is entitled to credit for the number of weeks that it paid the employee his salary. The employer contends that it is also entitled to credit for the number of weeks that the petitioner received disability benefits under the provisions of the two insurance policies.

The arbitrator found that the petitioner is entitled to receive temporary total disability in the amount of $92.50 a week for a period of 64 weeks, and $73 a week for a further period of 65 6/7 weeks, and found that the disabling condition is temporary and has not yet reached a permanent condition. The arbitrator allowed a credit of $4,810 for payments that had been made and found that the sum of $5,917.58 is due to the petitioner as the amount of unpaid compensation that accrued from November 3, 1972, through May 1, 1975.

The respondent sought review by the Industrial Commission, contending that the arbitrator had allowed

insufficient credit for the amount of salary that had been paid and had failed to give respondent credit for payments made under the group insurance benefit policies.

On review, the Industrial Commission, although it found that the decision of the arbitrator was correct, found that the period of temporary total disability was 65 4/7 weeks and specifically found that the respondent is entitled to credit for the insurance payments under section 8(j) of the Act.

The circuit court of Franklin County reversed and set aside the decision of the Industrial Commission, and found that from March 27, 1973, through May 1, 1975, a period of 109 4/7 weeks, the petitioner was temporarily and totally disabled, that his condition had not reached a permanent state, and that for such temporary total disability he was entitled to compensation. It further held that the respondent, by reason of the salary paid to the petitioner, was entitled to credit for 65 4/7 weeks during the 109 4/7 weeks' period, and that the petitioner is further entitled to receive the balance of 44 weeks at the sum of $73 per week or $3,212. The court further found that the Commission was in error in holding that the respondent was entitled to credit under section 8(j) by reason of payments made under the two policies of insurance, in view of the fact that benefits under these two policies were payable "irrespective of accidental injury." The circuit court then reversed the Commission's order and remanded the cause to the Industrial Commission. In doing so, it specifically found that the award, which it held the petitioner is entitled to, "is in no instance a bar to further hearing and determination of temporary total compensation accrued since May 1, 1975, or compensation for permanent disability, or medical expense, but shall be conclusive as to all other questions except the nature and extent of said disability."

In his brief and oral argument, the petitioner contends

that the order of the circuit court reversing and remanding the cause to the Industrial Commission is not a final and appealable order, since the issue of permanency has not yet been resolved, implying that a section 19(b) award for temporary total disability is not final and appealable. Under the statute (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)), it is provided that the "award shall be reviewable and enforceable in the same manner as other awards."

Since such awards are "reviewable and enforceable" as other awards, it is clear that an appeal will lie from an order of the circuit court confirming a compensation award for temporary total disability under section 19(b) of the Act. (See *Sahara Coal Co. v. Industrial Com.* (1977), 66 Ill. 2d 353; *Ford Motor Co. v. Industrial Com.* (1976), 62 Ill. 2d 337; *Allis Chalmers Manufacturing Co. v. Industrial Com.* (1974), 57 Ill. 2d 257.) We have found no case where an appeal has been taken to this court from a decision of the circuit court reversing a section 19(b) award and remanding the cause to the Industrial Commission.

We have specifically held that when a circuit court has reversed and remanded other types of awards, including awards for permanent disability and loss of use, such an order is interlocutory and not appealable. (*Allis Chalmers Manufacturing Co. v. Industrial Com.* (1971), 50 Ill. 2d 2; *Wellman-Lord, Inc. v. Industrial Com.* (1971), 48 Ill. 2d 533; see *Nichols v. Industrial Com.* (1971), 49 Ill. 2d 431; *Mayrath Co. v. Industrial Com.* (1965), 33 Ill. 2d 224.) Since, under the statute, section 19(b) awards for temporary total disability are reviewable in the same manner as other awards, we hold that the order of the circuit court in this case is not a final and appealable order.

The respondent argues that the order is, in effect, a final order, since on remand the Industrial Commission is only required to make a mathematical computation by

subtracting the credit previously given in its order from the award allowed, and since the Industrial Commission will not be required to hear additional evidence. This is not an accurate appraisal of the order of the court. In addition to holding that the respondent is not entitled to credit for payments made under the insurance policies, it must also be noted that there is a substantial difference in the award found to be due by the circuit court from that allowed by the Industrial Commission. The Commission allowed 65 4/7 weeks of compensation for temporary total disability. The circuit court found that the petitioner was entitled to a net of only 44 weeks temporary total compensation after allowing the respondent credit for 65 4/7 weeks during which the petitioner's salary had been paid. As noted above, the order of the circuit court provided that the award authorized by the order is in no instance a bar to further hearing and determination of temporary total disability compensation accrued since May 1, 1975, or compensation for permanent disability, or medical expenses. Thus on remand, the Industrial Commission had the authority to consider the present state of the petitioner's disability, his right to additional temporary total disability benefits accrued since May 1, 1975, and if his condition is such that a degree of permanent disability can be ascertained, it may enter an order finding the extent of his permanent disability. When the circuit court remanded the cause, the Commission had jurisdiction to the same extent as before its first award; however, it was bound by the rules of law announced and the directions given by the circuit court, and it was bound to follow those directions (*Raffaelle v. Industrial Com.* (1927), 326 Ill. 166).

The award of the Industrial Commission, which will be made pursuant to the remanding order, will then be again reviewable by the circuit court, and, if affirmed, the decision is a final order which is appealable to this court.

Upon review of this final order, this court is then authorized to review the entire record and determine the propriety of the circuit court's original order, which reversed and remanded the matter to the Industrial Commission, including its finding as to the disallowance of credit for payments made under the provisions of the two group insurance policies. *Downey v. Industrial Com.* (1969), 44 Ill. 2d 28; *ACF Industries, Inc. v. Industrial Com.* (1956), 8 Ill. 2d 552.

We thus hold that the order of the circuit court of Franklin County reversing the order of the Industrial Commission and remanding the cause to the Commission was an interlocutory order and not appealable. Accordingly, the appeal is dismissed and the cause is remanded to the Industrial Commission for further proceedings, pursuant to the order of the circuit court.

*Appeal dismissed; cause remanded.*