ROBERT E. ROBINSON, Plaintiff-Appellant, *v.* COOK COUNTY POLICE & CORRECTIONS MERIT BOARD *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 79-2423

Opinion filed March 10, 1981.

Michael H. Saken, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Susan Condon, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The Sheriff of Cook County filed a complaint with the Cook County Police and Corrections Merit Board (Merit Board) against plaintiff Robert Robinson, a deputy sheriff in the Cook County Police Department. The complaint sought discharge of plaintiff for alleged violations of certain rules and regulations of the Merit Board. After an administrative hearing the Merit Board entered a finding that Robinson was guilty of the rule

violations charged and ordered him discharged. Plaintiff appealed the Merit Board's order to the circuit court pursuant to section 13 of the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, par. 276.) On review, the circuit court affirmed the Merit Board's finding as to plaintiff's misconduct, but it remanded the matter for reconsideration of the discharge sanction "in light of [the circuit] court's opinion that said sanction is unduly harsh." The court further provided that its order would become final and appealable upon entry of the Merit Board's decision on remand. On remand the Merit Board affirmed its discharge order. Thereupon plaintiff filed a notice of appeal to the appellate court from the order of the circuit court.

Plaintiff raises four issues on appeal. First, whether the Merit Board's decision was invalid because it failed to include findings of fact. Second, whether the Merit Board's decision that plaintiff was guilty of the charges was contrary to the manifest weight of the evidence. Both the remaining issues challenge the appropriateness of the discharge sanction.

Although not raised by either party, on our own motion we raise the question of our jurisdiction of this case at this stage of the proceedings. (See *McCann v. Continental Casualty Co.* (1954), 4 Ill. 2d 170, 175, 122 N.E.2d 268.) Plaintiff's notice of appeal purports to request review of the order of the circuit court affirming the Merit Board's finding of rule violations. Simultaneously, however, plaintiff additionally seeks redress of the Merit Board's discharge ruling on remand. We find no authority for such a hybrid review. Rather, we believe plaintiff has omitted one crucial procedural step because plaintiff did not again present the Merit Board's final order to the circuit court.

Jurisdiction to review final administrative decisions is vested in the circuit courts. We believe that the present case is analogous to the situation arising in workmen compensation cases where the circuit court will remand the matter to the Industrial Commission to modify its prior order. That order of the circuit court is considered interlocutory in nature and cannot be appealed. Rather the Industrial Commission must then act on the circuit court's order, and the circuit court confirm such action before the matter is appealable as a final order. *Downey v. Industrial Com.* (1969), 44 Ill. 2d 28, 29, 253 N.E.2d 371; *Stockton v. Industrial Com.* (1977), 69 Ill. 2d 120, 125-26, 370 N.E.2d 548.

Similarly, the circuit court's order remanding the case to the Merit Board for reconsideration of the sanctions imposed was interlocutory and not appealable. The language of the circuit court's remand order purporting to make the order final and appealable is superfluous and does not alter the order's interlocutory status. We therefore do not consider the merits of plaintiff's contentions.

However, principles of fundamental fairness dictate that we not

deprive plaintiff of his right to have the issues herein, which have been prematurely tendered to this court, considered by the proper court first. We note that Supreme Court Rule 365(a) (73 Ill. 2d R. 365(a)) provides that "the taking of an appeal to either the Supreme Court or to the Appellate Court shall not be deemed a waiver of right to present any issue to the appropriate court * * *." Consequently, we believe that the cause should be transferred to the circuit court.

This appeal is dismissed and the case is transferred to the circuit court for review of the Merit Board's reaffirmation of the discharge of plaintiff.

Appeal dismissed; cause transferred.

HARTMAN, P. J., and STAMOS, J., concur.