PACE BUS COMPANY (South Division), Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Malcolm C. Schusse, Appellee).

First District (Industrial Commission Division) No. 1—02—2681WC

Opinion filed March 12, 2003.

Kopka, Pinkus & Dolin, of Chicago (Paul Garfinkel and Andrew Boros, of counsel), for appellant.

Marvin Brustin, Ltd., of Chicago, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The claimant, Malcolm C. Schusse, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.* (now 820 ILCS 305/1 *et seq.* (2000))), seeking benefits for injuries he is alleged to have received on December 30, 1989, while in the employ of Pace Bus Company (Pace). After a hearing, an arbitrator found that, on December 30, 1989, the claimant sustained injuries arising out of and in the course of his employment with Pace which rendered him permanently and totally disabled. The arbitrator awarded the claimant permanent total disability (PTD) benefits under the Act for life, commencing on December 31, 1989, and ordered Pace to pay $167,623 for necessary first aid, medical, surgical and hospital services rendered to the claimant.

Pace sought a review of the arbitrator's decision before the Industrial Commission (Commission). On September 16, 1998, the Commission issued a unanimous decision in which it awarded the claimant temporary total disability benefits under the Act for a period of 216 4/7 weeks, commencing on December 31, 1989, and PTD benefits for life, commencing on February 24, 1994. In all other respects, the Commission affirmed and adopted the arbitrator's decision.

Pace sought a judicial review of the Commission's decision in the circuit court of Cook County, where the action was docketed as case number 98L50873. On April 28, 2000, the circuit court entered an order: confirming the Commission's decision as it relates to the issues

of accident, permanency and causal connection between the claimant's accident and a portion of his medical treatment; reversing that portion of the decision which found a causal connection between the claimant's work-related accident and other aspects of the medical treatment rendered to him; setting aside the Commission's award of medical related expenses; and remanding the action back to the Commission for a determination of medical expenses consistent with the order.

On May 25, 2000, Pace filed an appeal from the circuit court's order of April 28, 2000. That appeal was docketed in this court as case number 1—00—1774WC. However, on motion of the claimant, we dismissed that appeal for want of jurisdiction on June 26, 2001.

On July 29, 2002, the Commission issued its decision and opinion on remand from the circuit court. In that decision, the Commission reduced the medical expenses that Pace was required to pay to $27,732.70 and awarded the claimant all of the other benefits under the Act that it had awarded to him in its original decision. Neither party sought a judicial review of the Commission's July 29, 2002, decision. Instead, Pace filed a notice of appeal on August 28, 2002, which states in relevant part as follows:

> "Plaintiff-Appellant, Pace Bus Company, appeals and seeks reversal of the circuit court order of April 28, 2000, made final with the remand decision of the Illinois Industrial Commission on July 29, 2002, confirming the Industrial Commission decision of September 16, 1998."

■ Even though the issue was not raised by either party, this court has an obligation to determine if it has jurisdiction to entertain this appeal. *In re Marriage of Betts*, 159 Ill. App. 3d 327, 330, 511 N.E.2d 732 (1987). Subject to exceptions created by statute or set forth in the rules of our supreme court, the jurisdiction of the appellate court is limited to reviewing appeals from final judgments. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989). Upon examining Pace's brief and the jurisdictional statement contained therein, this court questioned its jurisdiction to entertain the appeal. As a consequence, an order was entered requiring both parties to file supplemental briefs addressed solely to the question of jurisdiction and specifically to the issue of whether an appeal can be taken from an order of the circuit court reversing a decision of the Commission, in part, and remanding the matter back to the Commission for further proceedings when no judicial review of the Commission's decision on remand is sought.

Pace asserts that this court has jurisdiction to address its appeal pursuant to Supreme Court Rule 303 (155 Ill. 2d R. 303). It argues,

without reference to authority, that the circuit court's April 28, 2000, order became final and appealable when the Commission issued its decision on July 29, 2002. The claimant argues that we have no jurisdiction in this matter as Pace failed to seek a judicial review in the circuit court of the Commission's decision on remand. We agree with the claimant and, for the reasons that follow, dismiss this appeal for want of jurisdiction.

As noted earlier, Pace is appealing from the April 28, 2000, order of the circuit court that: confirmed the Commission's decision of September 16, 1998, in part; reversed the decision in part; and remanded the matter back to the Commission for a determination as to the medical expenses for which the claimant is entitled to reimbursement. Pace asserts that its appeal is brought pursuant to Supreme Court Rule 303, which governs appeals from final judgments in civil cases. See 155 Ill. 2d R. 303. However, contrary to Pace's assertion, the circuit court's order of April 28, 2000, is not a final order.

■ When, as in this case, the circuit court reverses a decision of the Commission, in whole or in part, and remands the matter back to the Commission for further proceedings involving the resolution of questions of law or fact, the order is interlocutory and not appealable. *Stockton v. Industrial Comm'n*, 69 Ill. 2d 120, 124-25, 370 N.E.2d 548 (1977). That does not suggest, however, that such an order can never be reviewed. The Commission's subsequent decision made pursuant to the remanding order is again reviewable by the circuit court, and, if affirmed, the decision of the circuit court is a final order which is appealable to this court. See *Stockton*, 69 Ill. 2d at 125. In reviewing the final order of the circuit court, this court is authorized to review the entire record and determine the propriety of the circuit court's order reversing the Commission's original decision and remanding the matter for further proceedings. *Stockton*, 69 Ill. 2d at 126. The rule in this regard is an application of the proposition that an appeal from a final judgment draws into issue all prior interlocutory orders that produced the final order. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380 (1979).

■ Decisions issued by the Commission acting within the powers conferred upon it pursuant to the Act are, in the absence of fraud, conclusive unless reviewed in the circuit court as provided in section 19(f) of the Act. 820 ILCS 305/19(f) (West 2000). Jurisdiction to review final decisions of the Commission is vested in the circuit court. This court's jurisdiction in workers' compensation cases is confined to appeals from final orders of the circuit court. 820 ILCS 305/19(f) (West 2000). The Commission's postremand decisions are reviewable by this court only after they have been reviewed by the circuit court. *Mid-*

*American Lines, Inc. v. Industrial Comm'n*, 82 Ill. 2d 47, 51, 411 N.E.2d 254 (1980).

■ The circuit court's April 28, 2000, order is interlocutory in nature and not appealable in its own right. *Stockton*, 69 Ill. 2d at 124; *Downey v. Industrial Comm'n*, 44 Ill. 2d 28, 29, 253 N.E.2d 371 (1969); *Mayrath Co. v. Industrial Comm'n*, 33 Ill. 2d 224, 225, 210 N.E.2d 529 (1965). It might have been subject to review in the context of an appeal from an order of the circuit court confirming the Commission's decision on remand. *Stockton*, 69 Ill. 2d at 125-26. However, since neither party filed an action for judicial review of the Commission's July 29, 2002, decision, there is no final order of the circuit court from which an appeal may be taken. See *Robinson v. Cook County Police & Corrections Merit Board*, 93 Ill. App. 3d 1051, 1052, 418 N.E.2d 170 (1981). Absent a final order by the circuit court and a timely appeal therefrom, we have no jurisdiction to review the propriety of the interlocutory order entered by the circuit court on April 28, 2000, and our only course of action is to dismiss this appeal.

Appeal dismissed.

McCULLOUGH, P.J., and O'MALLEY, Jack, HOLDRIDGE, and GOLDENHERSH, JJ., concur.