GLORIA TRUNEK, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Wal-Mart Stores, Inc., Appellant).

First District (Industrial Commission Division)   No. 1—02—3701WC

Opinion filed December 31, 2003.

Rusin, Patton, Maciorowski & Friedman, of Chicago (Daniel R. Egan, of counsel), for appellant.

Marvin Brustin, Ltd., of Chicago, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The claimant, Gloria Trunek, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)), seeking benefits for alleged injuries arising out of and in the course of her employment with Wal-Mart Stores, Inc. (Wal-Mart). The matter was set for hearing on June 6, 2000, but was

dismissed for want of prosecution. On June 7, 2000, the parties and the arbitrator made a record which supported the arbitrator's dismissal of the matter.

On July 31, 2000, the claimant filed an amended petition to vacate the dismissal for want of prosecution, to which Wal-Mart filed an objection. Without explanation, the arbitrator denied claimant's motion to vacate on September 6, 2000. Claimant sought review of the arbitrator's September 6, 2000, decision before the Industrial Commission (Commission). Wal-Mart moved to dismiss the claimant's petition for review, arguing that it was untimely. Wal-Mart also argued in its reply brief that the Commission lacked jurisdiction because the claimant failed to perfect its petition for review by timely filing a proper record pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2000)). The Commission denied Wal-Mart's motion to dismiss, and by separate order, affirmed and adopted the arbitrator's decision denying the claimant's motion to vacate the dismissal.

The claimant sought judicial review of the Commission's decision in the circuit court of Cook County. On November 20, 2002, the circuit court reversed the Commission's decision and remanded the case to the Commission with instructions to reinstate the claimant's case and to proceed with a hearing on the merits. Wal-Mart appeals the circuit court's order pursuant to Supreme Court Rules 301 (134 Ill. 2d R. 301) and 303 (155 Ill. 2d R. 303).

The claimant contends this court lacks jurisdiction over this appeal because the circuit court's order reversing and remanding the case to the Commission for further proceedings on the merits is interlocutory and not a final judgment. For the following reasons, we agree.

■ It is well settled that the jurisdiction of the appellate court is limited to review of final judgments, unless an exception is provided by statute or supreme court rule. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989); accord *Pace Bus Co. v. Industrial Comm'n*, 337 Ill. App. 3d 1066, 1068, 787 N.E.2d 234 (2003). "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Marriage of Verdung*, 126 Ill. 2d at 553. The supreme court has repeatedly held that, when a circuit court reverses a decision of the Commission and remands the matter for further proceedings involving the resolution of questions of law or fact, the order is interlocutory and not appealable. *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54, 485 N.E.2d 335 (1985); *Stockton v. Industrial Comm'n*, 69 Ill. 2d 120, 124, 370 N.E.2d 548 (1977).

128

■ Pursuant to the circuit court's remand, the Commission would have to resolve a variety of questions involving fact and/or law. Most notably, the Commission must still determine the threshold questions of whether the claimant sustained injuries arising out of and in the course of her employment. The circuit court's order, therefore, cannot be construed as a final order.

Wal-Mart contends we should entertain this appeal in the interest of judicial economy. Specifically, Wal-Mart argues litigation of this matter will be a waste of time and resources if the circuit court's judgment is reversed and the dismissal for want of prosecution is affirmed in a subsequent appeal to this court. While Wal-Mart's contention has some merit, this court is without authority to disregard its lack of jurisdiction.

Supreme Court Rule 306(a)(6) (203 Ill. 2d R. 306(a)(6)) provides a process by which Wal-Mart could have sought review of the circuit court's order. That rule grants this court the discretion to allow an appeal of an otherwise nonfinal circuit court order that remands a case for a hearing *de novo* before an administrative agency. 203 Ill. 2d R. 306(a)(6). Wal-mart, however, not only failed to rely on this rule to support its jurisdictional statement, it also failed to follow its requirements for seeking leave to appeal by filing a petition before this court.

For the foregoing reasons, we lack jurisdiction to entertain Wal-Mart's appeal and dismiss this appeal accordingly.

Appeal dismissed and cause remanded to the Industrial Commission.

McCULLOUGH, P.J., and CALLUM, HOLDRIDGE, and GOLDEN-HERSH, JJ., concur.