**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (1st) 191130WC-U

Order filed: March 27, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

_____

| | | |
|---|---|---|
| ALITA JONES-RICHARD | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | Appeal No. 1-19-1130WC |
| | ) | Circuit No. 2016-L-50285 |
| | ) | |
| ILLINOIS WORKERS' COMPENSATION | ) | Honorable |
| COMMISSION, *et al.*, (The City of Chicago | ) | Thomas More Donnelly, |
| Board of Education, Appellant). | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hoffman, Hudson, Cavanagh, and Barberis concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1)  The trial court had jurisdiction to review a decision of the Workers' Compensation Commission upon claimant's request where the claimant complied with all of the requirements prescribed by section 19(f)(1) of the Workers' Compensation Act governing review of Commission decisions, and where an unrebutted affidavit of claimant's counsel and other unrebutted evidence was sufficient to establish the date on which the claimant had received the Commission's decision for purposes of calculating the 20-day limitations period for obtaining judicial review; but (2) the appellate court lacked jurisdiction to decide the appeal because the circuit court's remand order directed the Commission to make additional findings on disputed issues on remand.

¶ 2    The claimant, Alita Jones-Richard, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)), seeking benefits for injuries which she allegedly sustained on June 4, 1997, while she was employed by the City of Chicago Board of Education (the employer).  After conducting a hearing in 2014, an arbitrator found that the claimant had sustained accidental injuries to both of her knees and feet arising out of her employment with the employer.  The arbitrator also found that the current conditions of ill-being in the claimant's knees and feet were causally related to her June 4, 1997, work accident.  The arbitrator awarded the claimant temporary total disability (TTD) benefits for a period of 836 and 3/7 weeks, medical expenses, and prospective medical care.

¶ 3    The employer appealed the arbitrator's decision to the Illinois Workers' Compensation Commission (Commission).  The Commission affirmed the arbitrator's decision in part and reversed in part, reduced the arbitrator's award of TTD benefits and medical expenses, and awarded the claimant permanent partial disability (PPD) benefits equal to 20% loss of the person-as-a-whole pursuant to section 8(d)(2) of the Act. 820 ILCS 305/8(d)(2) (West 1997).

¶ 4    The claimant sought judicial review of the Commission's decision in the circuit court of Cook County.  The circuit court found that the claimant's appeal was timely filed under section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2016)) and rejected the employer's arguments to the contrary.  On the merits, the circuit court confirmed the Commission's decision in part and reversed it in part, set aside the Commission's finding that the claimant had reached MMI on November 30, 1998, and its termination of TTD benefits, medical expenses, and prospective medical care after that date.  The circuit court also reversed the Commission's award of PPD benefits and purported to set aside the Commission "finding" that the claimant was "ineligible

for maintenance payments." (In fact, the Commission had made no finding as to maintenance benefits, and the issue of maintenance was not raised by the parties.) The circuit court remanded the matter to the Commission "for determination as to the benefits due to [the claimant] and for any further proceedings consistent with" the circuit court's order.

¶ 5    This appeal followed.

¶ 6                                                     FACTS

¶ 7    The claimant was employed by the employer as a physical education teacher. Her job required her to be on her feet the entire workday. Her work duties included demonstrating various physical education activities to her students and lifting, pulling, and placing wrestling mats.

¶ 8    On June 4, 1997, employer was descending a flight of steel and concrete stairs at work when she was pushed from behind by a third-grade student. The claimant fell down six stairs, striking her knees and feet on each stair. After she landed at the bottom of the stairway, the student who had pushed her "stomped" on the claimant's left thigh, which caused her leg to move. The claimant testified that, immediately following the assault, she noticed pain in her left thigh as well as pain in her neck, shoulders, arm and generally everywhere in her body. Shortly after the accident, the claimant submitted an initial report of the accident to the employer in which she claimed having sustained injuries to both legs, knees, arms, and elbows, as well as her back and left ankle.

¶ 9    During the arbitration hearing, the claimant testified she has had continuous pain from the date of accident to present. The pain is most notable in her knees and feet. As a result, she uses a cane if she has to walk any significant distance. She also stated that she moves more slowly and is unable to participate in any of the sports she used to do, which previously included running,

basketball and racquetball. The claimant has not returned to work since the date of her accident. She testified that she looked for work in school administration but she did not receive any offers of employment within the limitations imposed by her doctors.  The claimant stated that, at the time of arbitration, she remained under the care of her doctors and continued to await further evaluation and treatment of her disabling foot pain.

¶ 10    The arbitrator found that the claimant had sustained accidental injuries to both of her knees and feet arising out of her employment with the employer.  The arbitrator also found that the current conditions of ill-being in the claimant's knees and feet were causally related to her June 4, 1997, work accident.  The arbitrator awarded the claimant TTD benefits for a period of 836 and 3/7 weeks, medical expenses, and prospective medical care.

¶ 11    The employer appealed the arbitrator's decision to the Commission.  The Commission affirmed the arbitrator's finding that the claimant's current left knee condition was causally related to the June 4, 1997, work accident.  However, the Commission reversed the arbitrator's findings that the current conditions of ill-being in the claimant's right knee, back, and feet were causally related to the accident.  In addition, the Commission found that the claimant had reached MMI as to her left knee condition on November 30, 1998, and reduced the claimant's TTD benefits accordingly. The Commission reversed the arbitrator's award of prospective medical care because that care was awarded for the claimant's foot problems, which the Commission found was not causally related to her accident.  The Commission also awarded the claimant permanent partial disability (PPD) benefits equal to 20% loss of the person-as-a-whole pursuant to section 8(d)(2) of the Act. 820 ILCS 305/8(d)(2) (West 1997).  The Commission affirmed and adopted the arbitrator's decision in all other respects.

¶ 12    The claimant sought judicial review of the Commission's decision in the circuit court of Cook County.  The employer argued that the trial court lacked jurisdiction to hear the appeal because the claimant's appeal was untimely under section 19(f)(1) of the Act.  The circuit court rejected the employer's argument and found that the claimant's appeal was timely.

¶ 13    On the merits, the circuit court confirmed the Commission's decision in part and reversed it in part.  The circuit court affirmed the Commission's causation finding as to the claimant's left knee condition. However, the court reversed the Commission's finding that the claimant had failed to prove that the current conditions of ill-being in her right knee and both of her feet were causally related to her June 4, 1997, work accident.  The circuit court also reversed the Commission's finding that the claimant had reached MMI on November 30, 1998.

¶ 14    Accordingly, the circuit court set aside the Commission's termination of TTD benefits as of November 30, 1998, and its reduction of the arbitrator's awards for TTD benefits, medical expenses, and prospective medical care.  The circuit court also reversed the Commission's award of PPD benefits.  In addition, the circuit court's order states that the court also set aside the Commission "finding" that the claimant was "ineligible for maintenance payments."[1]  The circuit court upheld the Commission's award of benefits up to November 30, 1998.  The circuit court remanded the cause to the Commission "for determination as to the benefits due to [the claimant] and for any further proceedings consistent with this order."

¶ 15    This appeal followed.

¶ 16                                      ANALYSIS

---

[1] The circuit court's finding on this issue is puzzling because, as each party's counsel confirmed during oral argument in this appeal, the parties did not submit the issue of maintenance benefits for decision to the arbitrator or the Commission, and the Commission did not make any finding on the claimant's entitlement to maintenance benefits.

¶ 17    Before addressing the merits of this appeal, we must address two threshold issues that could bear on our jurisdiction to decide this appeal.  First, the employer argues that we lack jurisdiction  because the claimant failed to establish that she commenced her appeal of the Commission's decision to the circuit court in a timely manner.

¶ 18    Judicial review of decisions by the Commission is governed by section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2016)).  That section provides, in pertinent part, as follows:

> "A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission.
>
> * * *
>
> No request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of filing with the Commission of the notice of the intent to file for review in the Circuit Court or an affidavit of the attorney setting forth that notice of intent to file for review in the Circuit Court has been given in writing to the Secretary or Assistant Secretary of the Commission." 820 ILCS 305/19(f)(1) (West 2016).

Accordingly, the party seeking judicial review of the Commission's decision must file a notice of intent to seek review with the Commission and a request for summons with the circuit court within 20 days of receiving notice of the Commission's decision. When filing the request for summons, the party seeking judicial review must present to the circuit court either: (1) "proof of filing" the notice of intent with the Commission; or (2) an attorney's affidavit swearing that the notice of intent to file an appeal was given in writing to the Secretary or the Assistant Secretary of the Commission. The party seeking

review bears the burden of proving that it has complied with this jurisdictional requirement, and strict compliance with the provisions of the Act is necessary to vest the circuit court with jurisdiction to review a decision of the Commission. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 15. Such compliance must affirmatively appear in the record. *Id.* Absent timely compliance with section 19(f)(1)'s requirements, the Commission is without jurisdiction to review the arbitrator's decision. See *Wiscons v. Industrial Comm'n*, 176 Ill. App. 3d 898, 899 (1988).

¶ 19 In this case, the Commission's decision was filed on March 28, 2016. The claimant filed her notice of intent to seek judicial review with the Commission on April 29, 2016, 32 days after the Commission's decision was issued. The employer argued to the circuit court that the claimant's petition for judicial review was untimely under section 19(f)(1). In response, the claimant produced: (1) an affidavit of her former attorney (which was prepared approximately 17 months after the petition for judicial review was filed), swearing that he received the Commission's decision from the Commission via e-mail on April 15, 2016; and (2) a letter from counsel to the claimant (which was purportedly dated April 19, 2016) claiming receipt of the Commission's decision on April 15, 2016.

¶ 20 The employer challenges the adequacy of the proof presented by the claimant. Relying upon Illinois Supreme Court Rules 12(b) and (c) (Ill. S. Ct. R. 12(b), (c) (eff. July 1, 2017)), which govern the effective date of electronic service and the manner of proving such service in trial and reviewing *courts,* the employer argues that, in order to prove the date she received the Commission's decision via e-mail, the claimant was required to present evidence from the Commission's e-mail system confirming the transmission date of the e-mail in question. During oral argument, the parties also discussed the Commission's regulation governing electronic

service (e-service), which provides that "[e]-service shall be deemed complete as of the filed date and time listed by the [Commission's] e-file system, and that, "for the purpose of computing time for any party to respond, any document served is deemed to be served the next business day following the date of transmission." 50 Ill. Admin. Code § 9015.50(d).

¶ 21    However, neither Illinois Supreme Court Rule 12 nor the Commission's regulation regarding e-service prescribes the methods of proving the date on which the *Commission* electronically serves its decision upon a party, and section 19(f)(1) does not address how a party seeking review of a Commission's decision can prove when she received notice of the Commission's decision. It is clear that the reviewing party must provide *some* evidence of the receipt date when the issue of timeliness is raised by the opposing party. However, section 19(f)(1) does not address the *type* or *quantum* of proof that must be presented on this issue.

¶ 22    Nor does section 19(f)(1) require the party seeking review to present proof of the date when she received the Commission's decision to the circuit court before obtaining a summons for judicial review. It merely requires the appealing party to: (1) file a notice of intent to file an appeal with the Commission, or advise the Commission's Secretary or Assistant Secretary in writing of such intent, within 20 days of receiving the Commission's decision; and (2) file a request for summons with the circuit court within 20 days of receiving the Commission's decision, together with either "proof of filing" the notice of intent with the Commission or an attorney's affidavit swearing that the notice of intent was given in writing to the Secretary or the Assistant Secretary of the Commission.

¶ 23    If the claimant received the Commission's decision on April 15, 2016, as her attorney swore in his affidavit and as her attorney's April 19, 2016, letter to her reflects, then the claimant complied with all of section 19(f)'s requirements. The claimant filed a notice of intent to file an

appeal with the Commission on April 28, 2016, and her request for summons with the circuit court on the following day. Both documents were filed within 20 days of April 15, 2016 (the date that the claimant purportedly received the Commission's decision), as required by section 19(f)(1). Moreover, the claimant's request for summons included a file-stamped copy of the notice of intent to appeal that was previously filed with the Commission, thereby satisfying section 19(f)'s requirement that the request for summons include "proof of filing" of the notice of intent.

¶ 24    We hold that, under the circumstances presented in this case, the evidence presented by the claimant was sufficient to establish the date that she received the Commission's decision. The employer has provided no evidence to rebut the claimant's attorney's affidavit. Nor has the employer cited any legal authority suggesting that the affidavit and letter submitted by the claimant's counsel during the circuit court proceedings are insufficient to prove the date that the claimant received the Commission's decision. At least one of our prior decisions suggests otherwise. See *McGee v. Ractian Construction Co.*, 231 Ill. App. 3d 929 (1992) (rejecting defendant's argument for dismissal under section 19(f)(1) on the ground that plaintiff did not allege when defendant received the notice of the Commission's decision where the defendant had recited the date on which he received the Commission's decision in a request for admissions that he filed in the circuit court). Given this, and because section 19(f)(1) does not require the appealing party to provide proof of the date when she received the Commission's decision before obtaining a summons for review, we hold that the attorney's affidavit and letter presented by the claimant in this case was sufficient to prove the date she received the Commission's decision and to defeat the jurisdictional argument raised by the employer.

¶ 25    However, there is another, more serious jurisdictional problem in this case, one that has

not been raised by the parties. We address the issue because we have an independent duty to consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. *St. Elizabeth's Hospital v. Workers' Compensation Comm'n*, 371 Ill. App. 3d 882, 883 (2007). As noted above, on review of the Commission's decision in this case, the circuit court: (1) reversed the Commission's finding that the claimant had failed to prove that the current conditions of ill-being in her right knee and both of her feet were causally related to her June 4, 1997, work accident; (2) reversed the Commission's finding that the claimant had reached MMI for her left knee condition on November 30, 1998; (3) set aside the Commission's termination of TTD benefits as of November 30, 1998, and its reduction of the arbitrator's awards for TTD benefits, medical expenses, and prospective medical care; (4) reversed the Commission's award of PPD benefits; (5) set aside the Commission "finding" that the claimant was "ineligible for maintenance payments." The final line of the circuit court's written Opinion states that "[t]he court remands this cause to the Commission for determination as to the benefits due to [the claimant] and for any further proceedings consistent with this order."

¶ 26    When a circuit court reverses and remands an award, including an award for permanent disability and loss of use, and directs the Commission to make further factual findings on remand, the circuit court's order is interlocutory and not appealable. *Stockton v. Industrial Comm'n*, 69 Ill. 2d 120 (1977); *Roadway Express, Inc. v. Industrial Comm'n*, 347 Ill. App. 3d 1015, 1019-1022 (2004). However, if the circuit court's remand order merely requires the Commission to reinstate the arbitrator's findings, to make non-discretionary mathematical calculations, or to follow the trial court's directions as to undisputed matters on remand, the Commission's order is final and appealable. *Edmonds v. Illinois Workers' Compensation Comm'n*, 2012 IL App (5th) 11018WC, ¶ 19 (holding that the circuit court's order was final for

purposes of appeal as the Commission "ha[d] only to act in accordance with the directions of the court and conduct proceedings on uncontroverted incidental matters" on remand); see also *St. Elizabeth's Hospital*, 371 Ill. App. 3d at 883.

¶ 27 Here, the trial court's remand order explicitly directs the Commission to make a "determination as to the benefits due" the claimant on remand. Such a determination will include findings as to when the claimant reached MMI (if she has done so yet), the amount of TTD benefits for which the claimant is eligible, and, potentially, the amount of PPD benefits to award the claimant. In addition, the parties confirmed during oral argument that the amount of vocational rehabilitation to which the claimant is entitled remains a disputed issue that will have to be decided by the Commission on remand. Accordingly, the circuit court remanded the matter for the Commission to make substantive findings on disputed issues of fact and to determine whether to award certain benefits. The circuit court's order is therefore interlocutory, and we have no jurisdiction to decide this appeal. *Stockton*, 69 Ill. 2d 120 (1977); *Roadway Express, Inc.*, 347 Ill. App. 3d at 1019-1022 (2004).

¶ 28                                    CONCLUSION

¶ 29     For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 30    Appeal dismissed.