No. 5-20-0023WC

2020 IL App (5th) 200023WC-U

Workers' Compensation
Commission Division
Order Filed: September 23, 2020

No. 5-20-0023WC

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| DONALD FORT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellee, | ) | Franklin County |
| | ) | |
| v. | ) | No.   2018 MR 154 |
| | ) | |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION *et al.*, | ) | Honorable |
| | ) | Melissa Morgan, |
| (City of West Frankfort, Appellant). | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hudson, Cavanagh, and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We dismissed this appeal for want of jurisdiction, finding that the circuit court's order from which this appeal was taken is not a final order.

- 1 -

¶ 2    The city of Frankfort (City) filed the instant appeal from an order of the Circuit Court of Franklin County which: (1) reversed a decision of the Illinois Workers' Compensation Commission (Commission) which denied the claimant, Donald Fort, benefits under the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2014)), and (2) remanded the matter to the Commission with directions to enter a decision finding that the claimant's lumbar spine condition is causally related to his September 10, 2016 work accident and to award the claimant medical expenses and prospective medical care consistent with the recommendations of the his treating physician. For the reasons which follow, we dismiss this appeal for want of jurisdiction.

¶ 3    The claimant filed an application for adjustment of claim pursuant to the Act, seeking benefits for injuries to his spine sustained while working for the City on September 10, 2016.

¶ 4    Following the arbitration hearing held on June 14, 2017, pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2014)), the arbitrator issued a written decision on January 25, 2018, finding that the claimant failed to prove that his current lumbar spine condition of ill-being is causally related to his September 10, 2016 work accident and awarded the claimant no benefits under the Act.

¶ 5    The claimant filed a petition for review of the arbitrator's decision before the Commission. On November 5, 2018, the Commission issued a unanimous decision affirming and adopting the arbitrator's decision.

¶ 6    The claimant sought a judicial review of the Commission's decision in the circuit court of Franklin County. On December 11, 2019, the circuit court entered an order finding that the Commission's decision that the claimant's lumbar spine condition of ill-being is not causally

related to his September 10, 2016 work accident is against the manifest weight of the evidence and remanding the matter back to the Commission with directions to "enter an Order finding that [the claimant's] *** lumbar spine condition is causally related to his September 10, 2016 [work accident] and awarding medical bills as provided in Section 8(a) of the Act, 820 ILCS 305[8(a)], and prospective medical care, if any, consistent with Dr. Gornet's recommendation."

¶ 7    On January 7, 2020, the City filed a notice of appeal from the circuit court's order of December 11, 2019. Although neither party has raised the issue, this court is obligated to examine its jurisdiction and dismiss an appeal if that jurisdiction is lacking. *St. Elizabeth's Hospital v. Workers' Compensation Comm'n*, 371 Ill. App. 3d 882, 883 (2007).

¶ 8    It is well settled that the jurisdiction of the appellate court is limited to the review of final judgments, unless an exception is provided by statute or Supreme Court Rule. *Trunek v. Industrial Comm'n*, 345 Ill. App. 3d 126, 127 (2003). "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). When the circuit court reverses a decision of the Commission and remands the matter back to the Commission for further proceedings involving disputed questions of law or fact, the order is interlocutory and not appealable. *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 54 (1985); *Stockton v. Industrial Comm'n*, 69 Ill. 2d 120, 124 (1977).

¶ 9    In this case, the circuit court found that the Commission's decision is against the manifest weight of the evidence and remanded the matter to the Commission with directions to enter a decision finding that the claimant's lumbar spine condition of ill-being is causally related to his September 10, 2016 work accident and to award him medical expenses and prospective medical

care, if any. The circuit court's order did not dispose of this litigation or any definite part thereof. The Commission's function on remand involves the resolution of disputed questions of law and fact. As a consequence, the circuit court's order of December 11, 2019, is interlocutory and not appealable.

¶ 10     For the reasons stated, we dismiss this appeal for want of jurisdiction.

¶ 11     Dismissed.