No. 1-19-1459WC

2020 IL App (1ˢᵗ) 191459WC-U

Workers' Compensation
Commission Division
Order Filed: October 23, 2020

No. 1-19-1459WC

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE FINAL CALL, INC., a/k/a FCN PUBLISHING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Cook County |
| | ) | |
| v. | ) | Nos. 2015 L 50713 |
| | ) | |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION and KENNETH WRIGHT, | ) | |
| | ) | |
| Appellees, | ) | |
| | ) | Honorable |
| (Illinois State Treasurer, as *ex-officio* custodian of the | ) | James McGing, |
| Injured Workers Benefit Fund, Appellee) | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hudson, Cavanagh, and Barberis concurred in the judgment.

**ORDER**

- 1 -

¶ 1    *Held:*  We dismissed this appeal for want of jurisdiction, finding that the circuit court's order from which this appeal was taken is not a final order.

¶ 2    The Final Call, Inc., a/k/a FCN Publishing (FCN), appeals from an order of the circuit court entered on July 11, 2019, which states that it "reinstates the Illinois Workers Compensation Commission decision of August 27, 2015, *Nun* [sic] *Pro Tunc* to <u>August 23, 2018.</u>"  For the reasons which follow, we dismiss this appeal for want of jurisdiction.

¶ 3    The claimant, Kenneth Wright, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2008)), seeking benefits for injuries sustained while working for FCN.

¶ 4    Following the arbitration hearing held on May 24, 2014, the arbitrator issued a written decision on September 5, 2015, finding that the claimant sustained injuries on January 7, 2009, that arose out of and in the course of his employment with FCN. The arbitrator awarded the claimant 34 weeks of temporary total disability benefits, 53.75 weeks of permanent partial disability benefits for a 25% loss of use of the left leg, 10 weeks of PPD benefits for a 2% loss of the person as a whole, and ordered FCN to pay $34,029.54 for reasonable and necessary medical expenses incurred by the claimant. In addition, the arbitrator also entered the award against the Illinois State Treasurer (Treasurer), as *ex-officio* custodian of the Injured Workers Benefit Fund (Fund), and ordered FCN to reimburse the Fund for any compensation that the Fund pays to the claimant pursuant to this award.

¶ 5    FCN filed a petition for review of the arbitrator's decision before the Illinois Workers' Compensation Commission (Commission). On August 27, 2015, the Commission issued a unanimous decision affirming and adopting the arbitrator's decision and again ordering FCN to

reimburse the Fund for any compensation that the Fund pays to the claimant pursuant to the award.

¶ 6        The claimant sought a judicial review of the Commission's decision in the circuit court of Cook County. On June 24, 2016, the circuit court confirmed the Commission's decision, and FCN filed an appeal from that order. *The Final Call, Inc., a/k/a FCN Publishing v. Illinois Workers' Compensation Comm'n (Final Call I)*, 2017 IL App (1st) 162030WC-U.

¶ 7        In response to FCN's appeal in *Final Call I*, the Treasurer argued, *inter alia,* that the circuit court was without jurisdiction to review the Commission's decision by reason of FCN's failure to establish that it filed a request for summons within 20 days of receiving notice of the Commission's decision as required by section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2014)). *Final Call I*, 2017 IL App (1st) 162030WC-U, ¶ 2. As a consequence, we vacated the circuit court's judgment of June 24, 2016, and remanded the matter to the circuit court with directions to conduct a hearing on the issue of whether FCN filed its request for summons within 20 days of its receipt of notice of the Commission's decision. In addition, we directed that:

> "In the event that FCN fails to carry its burden on the issue, the circuit court is directed to dismiss FCN's action for judicial review. In the event that FCN proves that it complied with the 20-day requirement, the circuit court is to reinstate its order confirming the Commission's decision of August 27, 2015." *Final Call I*, 2017 IL App (1st) 162030WC-U, ¶ 11.

¶ 8        On remand, the circuit court conducted the hearing as ordered on August 23, 2018. Following that hearing, the circuit court entered its order which states:

> "It is hereby ordered that: 1. The circuit court finds that it was vested with jurisdiction for judicial review because Plaintiff [FCN] produced a certified mail

receipt indicating that it received service on 9/25/15, which was 19 days before Plaintiff filed for judicial review."

However, totally absent from the order is any language reinstating the circuit court's order of June 24, 2016, confirming the Commission's decision of August 27, 2015.

¶ 9     On December 28, 2018, FCN filed a notice of appeal from the circuit court's order of June 24, 2016. On motion of the Treasurer, we dismissed that appeal on May 16, 2019, for want of jurisdiction. *The Final Call, Inc., a/k/a FCN Publishing v. Illinois Workers' Compensation Comm'n (Final Call II)*, No. 1-18-2724WC.

¶ 10     On May 23, 2019, FCN filed a motion in the circuit court titled "Motion for entry of an Order in Compliance with the Appellate Court Remand" in which it sought an order confirming the Commission's decision. When FCN's attorney failed to appear for a hearing on June 6, 2019, the circuit struck the motion "with prejudice."

¶ 11     On July 2, 2019, FCN filed a motion to vacate the June 6, 2019 order. Following a hearing on that motion, which was held on July 11, 2019, the circuit court entered an order that states:

"It is hereby ordered that:

1. Over plaintiff's [FCN] objection, the court is considering Plaintiff's motion to vacate as a *Nun* [*sic*] *Pro Tunc* motion to correct the deficient court order dated August 23, 2018,

2. This court reinstates the Illinois Workers Compensation Commission decision of August 27, 2015, *Nun* [*sic*] *Pro Tunc* to <u>August 23, 2018.</u>"

¶ 12     On July 16, 2019, FCN filed the instant appeal. The notice of appeal states that FCN is appealing from the circuit court's order of July 11, 2019. In its brief, FCN argues that the circuit

court: "committed clear error when it entered an [*sic*] *nunc pro tunc* order for the purpose of supplying judicial action;" and "committed an abuse of discretion when it converted Plaintiff's Motion to Vacate into a motion for entry of an order *nunc pro tunc*." FCN contends that "[o]n July 11, 2019, the trial court sought to correct an omitted action by way of a *nunc pro tunc* order when it subsequently complied with the Court's mandate and entered an order affirming the decision of the IWCC *nunc pro tunc* to the date of the deficient order of August 23, 2018." In its brief, FCN addresses the purpose of a *nunc pro tunc* order and the propriety of a court *sua sponte* recasting and converting a party's motion.

¶ 13      After, in a footnote to its brief, recognizing that the circuit court's order of July 11, 2019, states that the Commission's decision of August 27, 2015, is reinstated and not that its decision of June 24, 2016 is reinstated, the Treasurer goes on to address the legal criteria for the entry of a *nunc pro tunc* order and the court's inherent power to enter such orders. For his part, the claimant addressed the same legal issues. Both parties assert that it was FCN's attorney who drafted both the order of August 23, 2018, that makes no mention of reinstating the June 24, 2016 order and the order of July 11, 2019, which erroneously reinstated a decision of the Commission.

¶ 14      In context, the circuit court's order of July 11, 2019, is meaningless, as the Commission's decision of August 27, 2015, was never vacated and, therefore, not subject to reinstatement. Without regard to who was responsible for drafting the orders of August 23, 2018, and July 11, 2019, the fact remains that the circuit court has yet to enter an order reinstating its decision of June 24. 2016, which confirmed the Commission's decision; and, until it does, there is no final order from which an appeal could be taken.

¶ 15      Although neither the Treasurer nor the claimant has raised the issue, this court is obligated

to examine its jurisdiction and dismiss an appeal if that jurisdiction is lacking. *St. Elizabeth's Hospital v. Illinois Workers' Compensation Comm'n*, 371 Ill. App. 3d 882, 883 (2007). It is well settled that this court's jurisdiction is limited to the review of final judgments, unless an exception, not present in this case, is provided by statute or Supreme Court Rule. *Trunek v. Industrial Comm'n*, 345 Ill. App. 3d 126, 127 (2003). "A judgment is final for appeal purposes if it determines litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with execution of the judgment." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989).

¶ 16    In *Final Call I*, this court vacated the circuit court's judgment confirming the Commission's decision of August 27, 2015, and remanded the matter to the circuit court with instruction to conduct a hearing on the jurisdictional issue raised by the Treasurer and, in the event that it found that it had jurisdiction, to reinstate its order of June 24, 2016, which confirmed the Commission's decision. *Final Call I*, 2017 IL App (1st) 162030WC-U, ¶ 11. To date, the circuit court has conducted the mandated hearing and determined that it had jurisdiction but has yet to reinstate its order of June 24, 2016. Absent the reinstatement of the order confirming the Commission's decision, there is no final order that could support either execution or the exercise of this court's jurisdiction. As a consequence, we are compelled to dismiss this appeal for want of jurisdiction.

¶ 17    Dismissed and remanded.